## MIKALEMI *et al. vs.* LUAU.

### EJECTMENT. BEFORE ALLEN, C.J.

### APRIL, 1871.

Decree of distribution, made by Probate Court, does not bar an adverse claim by a party who has not had proper notice to appear.

Testimony as to conflicting claims of heirship considered, and half of the land awarded to each party.

### DECISION OF ALLEN, C.J.

This is an action of ejectment. Both parties agreeing to waive a jury, the cause was heard and determined by the presiding Judge of the Term. It is in evidence that Kekoa, at the time of his death, had a Royal patent of the estate in question, and that he died in 1848. The plaintiffs claim by inheritance. Without giving a detailed sketch of the evidence, it is satisfactorily proved that Kekoa had a half-brother named Kahuakai, and that the plaintiffs were his children, and, of course, Mikalemi was his nephew and Kepena his niece.

Kahalau was also a brother of Kekoa, married, but had no

children. He died after Kekoa, and before his brother Kahuakai.

.Were the case to rest here, it is clear that the right of inheritance would be with the plaintiffs, and their title to the estate complete. But the defendant says that he purchased the estate of Kalili, the grandmother of Kuohuia, from whom she inherited the property; and Kuohuia was the son of Kaiaina, the nephew of Kekoa. The evidence is somewhat conflicting in respect to the relationship of Kaiaina to Kekoa, but the weight of evidence is that he was his nephew. He was the son of Maihi, who was the sister of Kekoa. This view of the case is strengthened by the evidence that Kaiamo, from whom the defendant claims, had possession of the property in 1848, after the death of Kekoa, and this possession continued in direct line of heirship, from Kaiamo to Kalili, who conveyed it to Luau, the defendant. It is contended further, that the defendant has a title by prescription. When Kekoa died, his wife Kuku survived, and had a right of dower under the statute of 1846. It is not clearly proved when she died, but the evidence is not satisfactory that Kaiamo and his successors had entire possession of the estate for twenty years, claiming the same. It is in evidence that Kuku was the wife of Kekoa.

It is contended further, that Kapiipiilani, who was the son of Kuku, would inherit his mother's moiety, which, by the law of inheritance, she would have from her husband. Her interest being only that of a right of dower, expired at his death. Her husband, Kekoa, died in 1848, and she, by the law then in force, had only a right of dower in his real estate. The law of descent, which gives to the wife one-half of the estate when there are no children, was passed in 1850; therefore, she could not inherit. Her right was merely that of dower; hence, Kapiipiilani had no right of inheritance.

It is contended further, that the property in question became vested in Kalili, through judgment of the Probate Court decreeing said property to her, and by whom the same was conveyed to the defendant.

It is a sound principle of law, and one which will commend itself to the sense of justice of all men, that one cannot be barred personally, by judicial proceedings, without express or constructive notice. There was not sufficient notice in this case, as appears by the record. The intention of distribution was not set forth in the notice; therefore, these parties, the plaintiffs in this suit, are not barred by the decision of the Probate Court, as to their legal right of inheritance.

If I am correct in my view of the evidence, the heirs of Kahuakai and Maihi are entitled to the property in equal proportions; that is, Mikalemi and Kapena, heirs of Kahuakai, are entitled to one-half, and the heirs of Maihi or their grantees are also entitled to one-half, and the Court so adjudge.

The Court having announced the foregoing opinion, and before final judgment was rendered, the counsel for the plaintiffs moved the Court to amend their complaint by alleging a claim for an undivided half of the premises instead of the whole, to which the defendant's counsel assented, whereupon judgment was rendered for the plaintiffs for an undivided half of the premises.

Costs to neither party.

*R. H. Stanley* for plaintiffs.

*Messrs. Austin & Dole* for defendants.

Honolulu, April 10th, 1871.