## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

IN RE ESTATE OF POHOLOWAI, DECEASED INTESTATE.

IN PROBATE, a NEW PARTY can be admitted at hearing on APPEAL, but in such case the matter must be remanded to the Probate Court, for rehearing.

Question reserved, and submitted by agreement.

The Local Circuit Justice of Maui, acting as a Court of Probate, decreed in favor of a certain claimant of the estate of Poholowai, deceased intestate, to which decree an appeal was taken to the Circuit Court by the contestants. The decree of the Probate Court (of which due legal notice had been made by advertisement), was made after hearing all the evidence presented. When the appealed case was called in the Circuit Court a new claimant appeared, who filed an affidavit that he was the only heir-at-law, and sought to be made a party to the proceedings. Objection thereto was made by the original parties, and the cause was continued on the new claimant depositing a sufficient sum for costs of continuance, with the agreement between the original parties that the question of admitting the new claimant be heard and decided by this Court in banco.

OPINION OF THE COURT BY HARTWELL, J.

If the Appellate Court have the right in these cases to hear claimants who were not before the Probate Court, it is obvious that much expense is saved to all parties. For admitting that there are heirs whose rights at law are not

In re Estate of Poholowai.

finally concluded by a probate decree, it would increase litigation to compel them to resort to suits in Equity or actions of ejectment, and large opportunities of placing the property beyond the reach of such new claimants would exist if the decree of distribution made in probate be affirmed on the appeal.

The statute allows parties to introduce new evidence, and therefore the judgment of the Appellate Court is not confined to facts or evidence before the lower Court. The parties, however, may object to new claimants on the ground of surprise ; but such objection, duly substantiated, would furnish grounds for continuance.

The conclusiveness of a probate decree after legal notice certainly protects the executor or administrator in delivering over the property to the parties according to the decree, and, if not duly appealed from, is also conclusive on parties and privies.  But it is doubtful whether the rights of a lawful heir are barred in law or equity by a probate decree on a hearing of which no personal notice was given.  It is not necessary, however, to hold that such decree is a final bar to all proceedings subsequently brought, but only to say whether under our statute of appeals, cases of this nature will allow new claimants to be heard without detriment to the legal rights of the original parties.  In regard to this, it may be remarked that the evidence of the parties themselves may at any time satisfy the Appellate Court that there is a lawful heir not shown in the Court below, and the final judgment may be adverse to each of such parties.  The Court are called on to say who is the heir, and if the evidence, or if affidavits filed with proper security for costs and expenses of the delay, satisfy the Court that a decree cannot properly be made without the admission of a new party, it seems no more than just and equitable that amendments be allowed to admit him, so far as this can be done without lessening any legal right of the appellants or appellee.  It is the right of a

party to have two hearings of his case, one at the Probate Court, and one on appeal. To admit the new party, and remand the case to the Probate Court for rehearing would secure this right, and as it seems to us, would be the proper course in such cases. The new claimant, whatever be the final judgment, should pay all costs caused by his late appearance, and no case should be remanded until he has deposited a sufficient sum to cover such costs.

L. McCully for the claimant.

E. Preston for contestants.