## IN THE MATTER OF THE ESTATE OF DAVID KAMAIPIIALII, DECEASED.

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

ARGUED JULY 13, 1908.                    DECIDED JULY 23, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

EXECUTORS AND ADMINISTRATORS—*unnecessary legal expenses.*

Estates of decedents should not be subjected to unnecessary legal expenses, and an attempted sale of the real estate of minors to pay unnecessary fees is expressly disapproved.

EXECUTORS AND ADMINISTRATORS—*sale of real estate.*

An order for the sale of real estate to pay debts is properly vacated, before confirmation of the sale, when it appears that it was made before the time for filing claims had expired, with no

showing that the personalty had proved insufficient, upon insufficient jurisdictional allegations, and with no notice to the heirs.

OPINION OF THE COURT BY BALLOU, J.

David Kamaipiialii having died intestate his widow petitioned for letters of administration to be granted to E. K. Simmons, alleging that the estate of deceased consisted of real estate at Weloka valued at $1500. The heirs of the deceased named in the petition were the widow, two children aged four years, and one aged nine months. Administration was granted accordingly, but the administrator named failed to furnish bonds and subsequently Joseph S. Ferry, the attorney for the widow on the original petition, moved in his own behalf to vacate the order and appoint G. N. Kaonohiula, a brother of the deceased, the widow having died in the mean time. Kaonohiula, having obtained letters of administration, filed an inventory showing real estate valued at $1500 and subsequently a supplementary inventory showing personal estate consisting of one bay mare, old furniture, etc., valued at $81.50. The appraiser appointed by the probate judge verified the valuation of the personal property and appraised the real estate at $1675.

Thereafter the administrator petitioned for leave to sell real estate for the purpose of paying the debts outstanding against the deceased amounting to $36, the "debts, expenses and charges of the administration already accrued" amounting to $102.50, and the "debts, expenses and charges of administration that will or may accrue" estimated at $125, a total of $263.50. It will be noted that the amount of personal estate was more than sufficient to pay the debts of the deceased which had been allowed at that time and that the only reason for selling the real estate was for paying the expenses of administration.

An order was issued empowering the administrator to sell two parcels of the real estate "for the purpose of paying the debts, claims and charges against said estate." Both parcels

Estate of Kamaipiialii, 19 Haw. 163.

were accordingly sold, one for $350 and the other for $255, although the proceeds of either would have been sufficient to satisfy the claims upon which the order was based. A return of sale and a petition for confirmation having been filed one of the purchasers moved for leave to appear in opposition to confirmation apparently on the ground, as shown in subsequent affidavits, that he had been misinformed as to the rent due upon the parcel, it having been actually paid for some time in advance. His motion was apparently denied. His attorney, Carl S. Smith, was appointed by the probate judge first as amicus curiae and afterwards as guardian ad litem of the minors. In the latter capacity he protested against the confirmation of the sale on the grounds that the minors had not been represented in any of the proceedings; that the petition for sale did not set forth sufficient facts, and that insufficient evidence was offered in support of it; that the order did not set forth a proper description of the real estate nor the particulars of sale. nor did it provide that the administrator should sell only sufficient real estate to pay the debts of the deceased; that the notices given by the administrator were insufficient in description of the property; that the prices obtained for the land were less than the real value, and that the administrator acted improvidently and unlawfully in selling both pieces when either was sufficient to pay all debts, and that one of the purchasers had been misled by the attorney for the administrator in regard to the rent to accrue on his parcel. The administrator replied, and introduced oral evidence to the effect that beside the doctor's bill of $36 named in the petition for sale a bill for $47 had subsequently been presented and allowed by the administrator, bringing the total debts above the appraised value of the personalty. The probate judge denied the petition for confirmation of sale and vacated the order of sale on the ground that the minor heirs of the deceased were not served with notice of the petition and were not represented nor did they ap-

pear in the proceedings.   The administrator noted an appeal
from this order.

We are unable to escape the conclusion that the chief object
of the administration proceedings in this estate has been the
accumulation of attorneys' fees.   When Kamaipiialii died he
left to his infant children, subject to his widow's dower, an un-
encumbered homestead and two pieces of income producing real
estate.   The widow sought legal advice apparently with regard
to the collection of rents from the realty.   The decedent's debts
were small in amount and at that time no bills had been present-
ed to the widow.   The doctor's bill of $36 was not presented un-
til after a suggestion by the attorney.   No debts are shown to
have been due to the decedent or to have been collected by the
administrator.   Advice to the widow under these circumstances
that her interests demanded an administration of the estate at
an initial cost of $50 for filing the petition was advice in the
interest of the attorney and not of his client.   The subsequent
action of the attorney in making this charge as the basis for ap-
pearing on his own behalf, at an additional cost of $30, to peti-
tion for the appointment of another administrator in the place
of one unable to qualify, is also open to criticism.   The attempt-
ed sale of the minors' real estate for the purpose of paying these
and other anticipated fees was the culmination of a course of
conduct of which we must express our unqualified disapproval.

Upon all possible occasions this court has endeavored to give
notice that it will not tolerate the practice of treating estates
of deceased persons as fair game for the incurring of unneces-
sary or excessive legal expenditures.   *Notley v. Brown,* 16 Haw.
575, 579.   Few probate cases, however, reach this court and the
responsibility must rest on the circuit judges for the conscien-
tious administration of estates.   In the present case as soon as a
contest arose the circuit judge seems to have done what was pos-
sible to straighten out the state of affairs then existing, but it
seems probable that if the matter had remained uncontested the

Estate of Kamaipiialii, 19 Haw. 163.

little heritage of these infant Hawaiians would have been wasted under the guise of legal proceedings.

The proceedings for the sale of real estate are so full of error that the order vacating the previous order of sale was the only possible order to have entered. In the first place no petition for the sale of real estate should have been entertained until the six months' period in which creditors might present their claims had elapsed. It is only when all the claims against the estate are before the court that the probate judge can make an intelligent order concerning the amount of real estate to be sold. The contrary course may result, as here, in the administrator selling real estate to pay claims presented after the petition, which have never been scrutinized by the court. If an estate should unexpectedly prove insolvent the sale of real estate for the payment of claims first presented would result in a preference to those creditors.

In the second place there was no showing at any time that the personal estate had proved to be insufficient for the purpose of paying debts within R. L. Sec. 1855. No attempt had been made to pay debts from the personalty and it appears to have been assumed for jurisdictional purposes that the personalty would sell exactly at its appraised value, which is by no means necessarily the case.

In the third place the allegations in the petition are so manifestly inadequate to confer jurisdiction under R. L. Sec. 1855 that it is difficult to see how they passed the scrutiny of the circuit judge. Under our statute real estate cannot be sold to pay expenses of administration but only to pay the debts of decedents. The petition on its face alleges the personalty to be worth $81.50 and the debts $36. The bill presented subsequently on which the administrator relies cannot cure the original lack of jurisdiction, which in all cases depends upon the allegations and not on facts which may exist outside of the record. Vanfleet, Collateral Attack, Sec. 60.

In the fourth place, as ruled by the circuit judge in vacating the order, the fact that the minor heirs of the decedent were not given notice nor represented at the hearing of the petition for sale is in itself a sufficient ground for vacating the order of sale. These children are the owners of the real estate and their property cannot be ordered to be sold upon the allegations of a third party without notice to them either actual or constructive. 2 Woerner, Administration, Sec. 466. The auctioneer's notices of the proposed sale, published after the order of sale, cannot cure the defect of lack of legal notice before the order was made.

The circuit judge left the question of costs in abeyance until the final determination of the case, so we make no order concerning them, but suggest that the final allowance of any costs or fees out of this estate should be subject to the most rigid scrutiny and to a strict showing of good faith. In the view which we have taken concerning the attempted sale of real estate the costs in that connection can in no event be charged against the estate.

The order appealed from is affirmed.

*Joseph S. Ferry* for administrator.

*Carl S. Smith*, guardian ad litem.