IN THE MATTER OF THE GUARDIANSHIP OF
MARY ANN WHARTON AND ALEXANDER K.
WHARTON, MINORS.

No. 1215.

RESERVED QUESTION FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. J. T. DEBOLT, JUDGE.

ARGUED SEPTEMBER 2, 1919.          DECIDED SEPTEMBER 12, 1919.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE FRANKLIN IN
PLACE OF COKE, C. J., ABSENT.

GUARDIAN AND WARD—*accounts—commissions.*

The investment by a guardian of money which represented capital at the inception of the trust does not constitute a final payment of such money and does not entitle the guardian to the commission which the statute provides shall be chargeable "upon the final payment thereof or any part thereof."

OPINION OF THE COURT BY KEMP, J.
(Edings, J., dissenting.)

It appeared in and by the first annual account of Henry Waterhouse Trust Company, Limited, guardian of the property of Mary Ann Wharton and Alexander K. Wharton, minors, that there had come into the hands of said guardian cash representing capital at the inception of the trust in the sum of $5960.06, upon which the guardian had charged a commission at the rate of 2½ per cent. on the receipt thereof. It further appeared in and by said account that of said capital cash the guardian had invested in bonds of the Honolulu Gas Company, Limited, the sum of $5445. It further appeared in and by said account that on making said investment the guardian charged a commission on said last mentioned sum at the rate of 2½ per cent. as and for a final pay-

ment of said sum, said commission amounting to $136.12. The master to whom the account was referred filed a report calling the attention of the court to the matter and suggested that the court make a ruling thereon. It appears from the certificate of the circuit judge that in the past such commissions have been allowed by circuit judges in some cases under circumstances similar to those in the case at bar, but the practice has not been uniform and the court, being in doubt, has on motion of counsel for the guardian reserved for the consideration of the supreme court the question whether under the circumstances above shown the said charge of $136.12 made by said guardian as and for a commission upon the final payment of said sum of $5445 should be approved and allowed.

Thus we have for consideration the question whether upon the investment by the guardian of cash representing capital at the inception of the trust the guardian is entitled to charge a commission of 2½ per cent. upon the sum so invested as and for a final payment of such sum under the statute. So much of the statute as is applicable is as follows:

"Executors, administrators and guardians shall be allowed the following commissions upon all moneys received and accounted for by them, that is to say:

"Upon all moneys received representing the estate at the time of the institution of the trust, such as cash in hand and moneys realized from securities, investments, and from sales of real estate and personal property other than interest, rents, dividends and other profits coming due after the inception of the trust, two and one-half per centum.

"Upon the final payment thereof or any part thereof, two and one-half per centum; provided, however, that no commission shall be allowed as for final payments of such moneys except upon amounts actually expended and upon balances paid into court or to the parties there-

unto entitled, upon the final settlement of the services for which such executors, administrators or guardians shall have been appointed and qualified." (Sec. 2542 R. L. 1915).

The exact question has never been before this court upon facts identical with these although there was a near approach to these facts when the question was presented in *Re Estate of Banning*, 9 Haw. 453, and again in *Estate of James Campbell*, 16 Haw. 512. In the former case the commission was allowed and in the latter it was not allowed, but neither case decides the exact question here presented. In the *Banning* case the will directed the executor to invest the estate "in good securities with lower rates in preference to high rates with corresponding risks." The administrator with the will annexed invested the bulk of the estate in bonds and mortgages and claimed a commission for paying out the money so invested. This court held that where a trust directs the investment of the funds of the estate in a specific manner the showing that the funds of the estate have been invested closes the administration *pro tanto* and the administrator is entitled to commissions on the amount so invested. In the James Campbell Estate the executors invested money belonging to the estate in various bonds and mortgages and claimed commissions on the amounts so invested on the ground that these transactions constituted final payment by the executors to themselves as residuary distributees in trust. Answering this contention the court said: "With this contention we cannot agree. The trustees have not even yet qualified. Executors cannot declare that to be a final payment, upon which commissions are charged, which is in fact not a final payment. One of the purposes of the present proceeding is to get an order of distribution and make a final payment. This is not a case

where commissions are allowed to be charged on a simple paying out, but it must be a final payment." (p. 519.)

While, as we have said, the above cases are distinguishable from this case they are both valuable because of the reasons assigned for the conclusions reached. The commission was allowed in the *Banning* case on the theory that the funds having been invested as directed in the will the administration was as to those funds closed. In the *Campbell* case the commission was not allowed because money paid out for an investment is not a final payment and commissions are not allowed to be charged on a simple paying out, but it must be a final payment.

It is apparent that the investment of capital moneys by a guardian does not terminate his duties as to that portion of the estate. That portion of the estate may return to him in the form of money to again be invested or to be distributed to the parties entitled to it, so it does not come within the reasoning of the *Banning* case. Neither does it come within the reasoning of the *Campbell* case where the investments were made by executors without authority.

It is clear from the language of the statute, and it is admitted by counsel for the guardian, that a payment must be a "final payment" in order to entitle the guardian to charge the commission. The question to be determined therefore is, what constitutes a "final payment?" The statute says "that no commission shall be allowed as for final payments of such moneys except upon amounts actually expended and upon balances paid into court or to the parties thereunto entitled, upon the final settlement of the services for which such executors, administrators or guardians shall have been appointed and qualified." It is not contended that the investment of the funds in this case constituted "a balance paid into court or to the parties thereunto entitled," but it has

been argued that the moneys were "actually expended," the argument being that where the language "upon the payment thereof or any part thereof" is used the expression "any part thereof" necessarily refers to such a payment as we have in this case; that money paid out by way of investment is the only character of payments that would be made by a guardian other than by way of final settlement of the accounts of such guardian when the whole of such moneys would be finally paid out. With this contention we cannot agree. The guardian in most cases would be required during the term of the trust to actually expend and finally pay out sums less than the whole of such moneys which would be properly chargeable to capital or the corpus of the estate and it was such payments, we think, that the legislature had in mind when it used the language above referred to.

It has also been argued by counsel for the guardian that it would be poor policy to so construe the statute as to cause an unnecessary conflict between the trustee and the *cestui que trust;* that since the trustee is not entitled to commissions on property delivered in kind there would be a temptation to place the trust funds in savings banks or other places at low interest in order that upon the final termination of the trust the settlement may be made by the payment of cash and the right to the commission made secure. Our answer is that the legislature alone is to determine what is good policy and if it has not seen fit to authorize the payment of the commission we are without power to authorize it.

Our conclusion is that capital moneys paid out by way of investment under the circumstances of this case do not constitute an actual expenditure and are therefore not a final payment and that the guardian is not entitled to charge a commission thereon.

The reserved question is answered in the negative.

*A. G. M. Robertson* and *U. E. Wild* (*Robertson & Olson* and *Frear, Prosser, Anderson & Marx* on the brief) for the guardian.

*F. Schnack,* Guardian ad litem, in person.

*C. F. Peterson amicus curiae.*

### DISSENTING OPINION OF EDINGS, J.

I am unable to concur in this decision. While the statute may be construed as decided it is also susceptible of a different, and to my mind a fairer, more liberal and satisfactory, construction. I am of the opinion that an investment of "moneys received representing the estate at the time of the institution of the trust" is a "final payment" as contemplated by the statute. In the event of such money so invested being repaid to the trustee and by him reinvested of course he would not be entitled to his second commission as money so invested would not be "moneys received representing the estate at the time of the institution of the trust."

In the case of *Estate of Banning,* 9 Haw. 453, the will directed the executor to invest the estate "in good securities with lower rates in perference to high rates with corresponding risk" and the issue before the court was whether or not the executor had complied with this requirement of the will, the beneficiary claiming that he had not. The court said: "Neither our law nor the directions in the will nor the exercise of a sound discretion forbade the making of the investments made by Mr. Allen. They were in the view of this court such that, had the necessity existed for their approval by the probate court, no good reason could have been advanced for withholding such approval at the time and under the circumstances under which they were made," and incidentally held that the executor or trustee was entitled to commissions upon such investment. The executor was

not called upon or directed to make any special or specific investments but was simply directed by the will to perform certain acts in a certain manner—the identical acts in the identical manner which all trustees appointed by a court are directed and required to do.