## MARY KALAMA RODRIGUES, ET AL., *v.* CHAH FOOK, ET AL.

## No. 1668.

ERROR TO CIRCUIT COURT FIRST CIRCUIT.
HON. FRANK ANDRADE, JUDGE.

ARGUED JUNE 7, 1926.                    DECIDED JUNE 26, 1926.

### PERRY, C. J., LINDSAY AND BANKS, JJ.

EXECUTORS AND ADMINISTRATORS—*sales under order of court—for payment of debts—notice to heirs.*

A sale of land by an administrator of the estate of one who died intestate, made in 1910 by order of a probate court upon the petition of the administrator and for the purpose of paying debts of the decedent, the personalty being insufficient for that purpose, was valid under the statute in force at that time (L. 1876, c. 57, Sec. 1, R. L. 1905, Sec. 1855), even though notice of the petition and of the sale was not given to the heirs at law, and is not subject to collateral attack.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of ejectment. The land sued for was the property of one Peter Rodrigues who died intestate on September 7, 1910, leaving surviving him as his heirs at law his three minor children, the present plaintiffs. The widow was appointed administratrix of his estate on October 25, 1910, and as early as twenty days thereafter filed a petition representing to the judge of the court of probate that there were debts of the decedent, that the personalty was insufficient to pay the debts and that it was necessary to sell the real estate in order to satisfy the claims of the creditors. On the same day or the day immediately following the filing of the petition the probate court signed an order authorizing the sale and the land was sold and conveyed by the administratrix, at private

sale, to one Alice Tullett, under whom the present defendants claim as purchasers through mesne conveyances. The plaintiffs claim the land as the heirs at law of the decedent. Notice of the filing or the pendency of the petition of the administratrix for leave to sell the land was not given to the heirs.

The facts in the case were presented to the trial court by stipulation and are entirely undisputed. The sole issue before us is one of law. The claim of the plaintiffs is that in this Territory the title to the real estate of a decedent passes to the heirs immediately upon his death and does not pass to the administrator, that a petition by an administrator for leave to sell the real estate to pay debts is an adversary proceeding, that a sale cannot be validly made of the property of the heirs without notice to them and that therefore the sale in the present instance, being without notice to the heirs, was void and of no effect. The contention of the defendants, on the other hand, is that under the law of Hawaii in force at the date of the sale the absence of notice to the heirs did not render the sale void.

The fact that the petition was filed by the administratrix twenty days after her appointment and before any publication of notice to creditors and the further fact that the sale was not had at public auction, while mentioned by the plaintiffs in their brief and in their oral argument, are not relied upon as grounds of recovery in this action, these being admitted irregularities of a nature that cannot be reached upon a collateral attack such as the present.

The statute in force at the time of the sale, L. 1876, c. 57, Sec. 1, R. L. 1905, Sec. 1855, was as follows: "The probate courts of this Territory have had from the time of their establishment, and now have, and hereafter shall continue to have jurisdiction to order and decree the sale

of any real estate of deceased persons for the purpose of paying their debts, whensoever the personal estate of such deceased persons shall prove to be insufficient for the purpose." At that time the law did not require notice of the petition or the sale to be given to the heirs of the decedent. No mention whatever was made in the statute of any such notice. In 1911 this statute was amended so as to require notice to the heirs but the sale in question was had in November, 1910, prior to the passage of the amendatory statute, and the latter therefore cannot be regarded as having any application to this case.

In so far as jurisdictional matters are concerned, the sale satisfied all the requirements of the statute. The probate court found that there were debts due by the estate of the decedent and that the personal estate was insufficient to pay them and the administratrix petitioned for the sale of the real estate in order to pay the debts. In language entirely unambiguous the probate courts were by the statute given power to decree under those circumstances the sale of real estate of the decedent in order to pay the debts. It is inexact to say that in this jurisdiction, under all circumstances and without qualification, the real estate of a decedent passes immediately upon his death to his heirs and devisees. There is the qualification to the general rule on the subject that if the decedent owed debts at the time of his death and if his personal estate was insufficient for the purpose of satisfying those debts the probate courts had the authority to order the sale of the real estate or as much thereof as might be necessary to satisfy the debts. In such a case the purchaser derives his title, not from the heirs but from the administrator. There can be no doubt of the power of the state to designate the persons to whom the property of a decedent shall go upon his death. Through the law in force in this particular instance at the time of

the death of the decedent the state designated that the
property should go to the heirs at law but only after
justice had been done to the creditors by applying as
much of the property as might be necessary to the
payment of the debts of the former owner.  For these
reasons notice to the heirs or devisees, while it may
properly be required by the legislature, is not indis-
pensable.  If it is not required by the statute the law is
nevertheless valid as is a sale in conformity with the law.
While there are authorities to the contrary, these prin-
ciples appear to have been so clearly adopted and estab-
lished by the Supreme Court of the United States that our
duty cannot be in doubt.  In *Grignon's Lessee* v. *Astor,*
2 How. 319, 338, 339, 340, 342, 343, the question of the
validity of such a sale was elaborately considered by the
court. The Michigan statute under consideration in that
case provided for notice to the heirs and the Supreme
Court held that the provision was directory only and that
the failure to give notice did not detract from the jurisdic-
tion of the Michigan court. The Supreme Court held that
under the circumstances the proceeding was *in rem,* that
the heirs were not adversary parties and that notice to
them was not essential.  "On a proceeding to sell the
real estate of an indebted intestate, there are no adver-
sary parties, the proceeding is *in rem,* the administrator
represents the land. * * * They are analogous to proceed-
ings in the admiralty where the only question of jurisdic-
tion is the power of the court over the thing, the subject-
matter before them, without regard to the persons who
may have an interest in it;  all the world are parties.
In the Orphans' Court, and all courts who have power to
sell the estates of intestates, their action operates on the
estate, not on the heirs of the intestate;  a purchaser
claims not their title, but one paramount. * * * The estate
passes to him by operation of law. * * * The sale is a

proceeding *in rem,* to which all claiming under the intestate are parties, * * * which directs the title of the deceased. * * *

"No other requisites to the jurisdiction of the county court are prescribed than the death of Grignon, the insufficiency of his personal estate to pay his debts, and a representation thereof to the county court where he dwelt, or his real estate was situate, making these facts appear to the court. Their decision was the exercise of jurisdiction, which was conferred by the representation; for whenever that was before the court, they must hear and determine whether it was true or not; it was a subject on which there might be judicial action. * * *

"The granting the license to sell is an adjudication upon all the facts necessary to give jurisdiction, and whether they existed or not is wholly immaterial, if no appeal is taken. * * * A purchaser under it is not bound to look beyond the decree; if there is error in it, of the most palpable kind, if the court, which rendered it, have, in the exercise of jurisdiction, disregarded, misconstrued or disobeyed the plain provisions of the law which gave them the power to hear and determine the case before them, the title of a purchaser is as much protected as if the adjudication would stand the test of a writ of error." Quoting from an earlier decision of its own, the court said: "The purchaser is not bound to look further back than the order of the court. He is not to see whether the court were mistaken in the facts of debts and children. The decree of an orphans' court in a case within its jurisdiction is reversible only on appeal, and not collaterally in another suit. A title under a license to the administrator to sell real estate 'is good against the heirs of the intestate, although the license was granted upon the certificate of the judge of probate, not warranted by the circumstance of the case.' " The court continued: "We do

not deem it necessary, now or hereafter, to retrace the reasons or the authorities on which the decisions of this court in that, or the cases which preceded it, rested; they are founded on the oldest and most sacred principles of the common law.  Time has consecrated them; the courts of the States have followed, and this court has never departed from them.  They are rules of property, on which the repose of the country depends; titles acquired under the proceedings of courts of competent jurisdiction must be deemed inviolable in collateral action, or none can know what is his own; and there are no judicial sales around which greater sanctity ought to be placed, than those made of the estates of decedents, by order of those courts to whom the laws of the States confide full jurisdiction over the subjects."  The same principles were reaffirmed in *Beauregard* v. *New Orleans,* 18 How. 497, 503; in *Florentine* v. *Barton,* 2 Wall. 210, 216; and in *Comstock* v. *Crawford,* 3 Wall. 396, 404, 405.  To the same effect are *McPherson* v. *Cunliff,* 11 S. & R. (Pa.) 422, 432, which was cited as authority in the *Grignon* case; *Howell* v. *Hughes,* 53 So. (Ala.) 105, 107; and *Apel* v. *Kelsey,* 2 S. W. (Ark.) 102, 103.

Certain Hawaiian cases are referred to by the plaintiffs as authorities to the contrary.  The first of them is *In re Estate of Poholowai,* 3 Haw. 419.  In that case the probate court had decreed in favor of a certain claimant of the estate and an appeal had been taken to the circuit court by the contestants.  When the appealed case was called in the circuit court a new claimant appeared and the question was whether he could be admitted for the first time on the appeal to present this claim.  In considering that question the court said, "it is doubtful whether the rights of a lawful heir are barred in law or equity by a probate decree on a hearing of which no personal notice was given"; but, having expressed that

doubt, the point was not decided. The court itself said: "It is not necessary, however, to hold that such decree is a final bar to all proceedings subsequently brought, but only to say whether under our statute of appeals, cases of this nature will allow new claimants to be heard without detriment to the legal rights of the original parties." It held that a new claimant would be admitted on the appeal and remanded the case to the lower court for further hearing. The question now before us was not involved in that case.

Another is *Mikalemi* v. *Luau*, 6 Haw. 47, 49. The court there said: "It is a sound principle of law, and one which will commend itself to the sense of justice of all men, that one cannot be barred personally, by judicial proceedings, without express or constructive notice." With this principle no fault can be found. It was stated, however, in a case pertaining solely to a decree of distribution and had no reference to a sale of property by an administrator to pay the debts of his decedent. In the case at bar there were no adversary parties and the administratrix had notice. She was the petitioner.

In the case entitled *In re Estate of Brash*, 15 Haw. 372, 375, the proceeding was a statutory one for the appointment of a guardian of an alleged insane person. Notice was not given to the alleged insane person of the petition for the appointment of a guardian. The statute expressly required such notice and the attack upon the decree of the circuit judge was direct, by appeal to this court.

In *Estate of D. H. Davis*, 22 Haw. 436, 439, there was no similarity in the facts to those in the case at bar. It was a direct appeal from the trial court. The statement was that "in proceedings *in rem* parties interested in the *res* are entitled to notice—to an opportunity to be heard, and without such opportunity cannot be deprived of legitimate property rights." The precise matter before

the court was one relating to annual or intermediate accountings of an administrator,—accountings which were held to be, not final, but subject to modification or annulment by the circuit judge sitting in probate, at any time before final distribution.

In *Estate of Kaiena,* 24 Haw. 148, 151, the court said: "Title to land is acquired either by descent or purchase. Title transferred by will falls within the latter category. The devisee takes title from and through the will, upon its being proved and admitted to probate"; but it added that this was *"subject only to* the widow's dower, if there be a widow not otherwise provided for, and *the claims of* legatees and *creditors,* if any there be, and the sale of real estate is authorized for the payment of such."

In *Estate of Kamaipiialii,* 19 Haw. 163, 168, the court said: "The fact that the minor heirs of the decedent were not given notice nor represented at the hearing of the petition for sale is in itself a sufficient ground for vacating the order of sale. These children are the owners of the real estate and their property cannot be ordered to be sold upon the allegations of a third party without notice to them either actual or constructive." Standing by itself this might seem to be a statement opposed to our present view. It is to be noted, however, that the precise question now before us was neither involved nor considered in that case. No reference whatever was made to it by the court. The statement must be read in the light of the facts and circumstances of that case. The administrator "filed an inventory showing real estate valued at $1500 and subsequently a supplementary inventory showing personal estate * * * valued at $81.50. The appraiser appointed by the probate judge verified the valuation of the personal property and appraised the real estate at $1675. Thereafter the administrator petitioned for leave to sell real estate for the purpose of paying the debts outstanding

against the deceased amounting to $36, the 'debts, expenses and charges of the administration already accrued' amounting to $102.50, and the 'debts, expenses and charges of administration that will or may accrue' estimated at $125, a total of $263.50." The court said that "it will be noted that the amount of personal estate was more than sufficient to pay the debts of the deceased which had been allowed at that time and that the only reason for selling the real estate was for paying the expenses of administration. An order was issued empowering the administrator to sell two parcels of the real estate 'for the purpose of paying the debts, claims and charges against said estate.' Both parcels were accordingly sold, one for $350 and the other for $255, although the proceeds of either would have been sufficient to satisfy the claims upon which the order was based." The guardian *ad litem* of certain minors interested "protested against the confirmation of the sale on the grounds that the minors had not been represented in any of the proceedings; that the petition for sale did not set forth sufficient facts, and that insufficient evidence was offered in support of it; that the order did not set forth a proper description of the real estate nor the particulars of sale, nor did it provide that the administrator should sell only sufficient real estate to pay the debts of the deceased; that the notices given by the administrator were insufficient in description of the property; that the prices obtained for the land were less than the real value, and that the administrator acted improvidently and unlawfully in selling both pieces when either was sufficient to pay all debts, and that one of the purchasers had been misled by the attorney for the administrator in regard to the rent to accrue on his parcel." The probate judge "denied the petition for confirmation of sale and vacated the order of sale on the ground that the minor heirs of the deceased

were not served with notice of the petition and were not represented nor did they appear in the proceedings. The administrator noted an appeal from this order." In other words, there was no collateral attack. It was upon a direct attack, by appeal to this court, that the questions which were decided arose. While the law in force at that time (1908) did not require notice to the heirs, it was within the competency of the trial court and of this court to require that such notice be given. This court said that "the proceedings for the sale of real estate are so full of error that the order vacating the previous order of sale was the only possible order to have entered" and held, first, that "no petition for the sale of real estate should have been entertained until the six months' period in which creditors might present their claims had elapsed"; secondly, that "there was no showing at any time that the personal estate had proved to be insufficient for the purpose of paying debts within R. L. Sec. 1855"; and thirdly, that "the allegations in the petition are so manifestly inadequate to confer jurisdiction under R. L. Sec. 1855 that it is difficult to see how they passed the scrutiny of the circuit judge"; and then, fourthly, it held, in the language already quoted above, that notice should have been given to the heirs. Under all these circumstances the decision in that case cannot properly be regarded as an authority to the effect that under the statute in force in 1910 absence of notice to the heirs at law would render invalid a decree, otherwise valid, for the sale of the property of an intestate to pay his debts.

The judgment appealed from, in favor of the defendants, is affirmed.

*S. B. Kemp* (*Huber & Kemp* on the briefs) for plaintiffs in error.

*I. M. Stainback* (*W. H. Heen* with him on the brief) for defendants in error.