## IN THE MATTER OF THE ESTATE OF CAROLINE KEKUEWA, DECEASED.

### No. 2624.

ARGUED AUGUST 19, 1946.                    DECIDED SEPTEMBER 18, 1946.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.

Caroline Kekuewa died intestate. A creditor petitioned for letters of administration praying that she, the creditor, be appointed administratrix and alleging that the decedent left an estate consisting of real property valued at more than a thousand dollars and that there are no heirs known to the petitioner. Administration was granted accordingly. Subsequently on petition of the administratrix the probate court duly licensed and ordered her to sell "all right, title and interest" of the decedent to the real property for payment of the decedent's debts. The appellants thereafter appeared and moved that the license and order be revoked and set aside on the ground that a part of the real property had escheated to the appellants on the death of the decedent by operation of statute. Their motion in substance is a plea to the juris-

diction of the probate court. In support thereof the appellants adduced evidence, which is undisputed, to the effect that, upon her decease, the decedent left no kindred surviving; that at the time of her death she was the owner in fee simple of two kuleanas of land; that the appellants are the owners in fee simple of the ili of land of which such kuleanas originally formed a part; that the kuleanas are a part of the real property of the decedent ordered sold for the payment of her debts. Notwithstanding that the evidence purports to establish the necessary facts to invoke operation of the escheat statute of kuleanas to the owner of the ahupuaa or ili (see R. L. H. 1945, § 12084), the probate court entered an order denying the motion, from which order this appeal is taken.

The appeal presents but one question of law, the same as raised below, *i. e.*, that of jurisdiction. It is whether in this Territory, when a kuleana of land belonging to an indebted intestate has escheated to the owner of the pertinent ahupuaa or ili, the probate court has jurisdiction or authority to order the administrator to sell such escheated real property for the payment of the debts of the deceased owner thereof.

There being an absence of constitutional provision in the Organic Act, the jurisdiction or authority of the probate court to order sale by the administrator of any real property of an intestate for the payment of his debts is purely statutory. The intent of the legislature therefore controls.

The legislature confers such jurisdiction or authority in the following language: "The real property of a decedent shall be subject to sale by the administrator, or by the executor unless power to sell is given by the will, only when authorized by the court. The court may authorize such sale for payment of * * * debts * * *." (R. L. H. 1945, c. 290, § 12026 as am. Act 122, S. L. ser. D-188.) In designating the real property to be that of a decedent,

the necessary implication is that the legislature means the right, title and interest therein of which the decedent was seized or owned at the time of his death, such quantum of estate being the subject of sale and the criterion of jurisdiction to order it. Consequently an executor's or administrator's deed, executed pursuant to the authority of the probate court given by statute, conveys that of which the decedent was seized at the time of his death, the purchaser deriving title, not from the heirs as claimed by the appellants, nor from the devisees or the takers by escheat, but from the executor or administrator who directs the title of the deceased owner. (See *Rodrigues* v. *Char Fook*, 29 Haw. 284.)

There can be no doubt of the power of the legislature to indicate the persons to whom the real property of a decedent shall go upon his death and to make such property liable for the satisfaction of the claims of his creditors. In the case of escheat of a kuleana on the death of the owner leaving no kindred surviving, the legislature in exercise of that power designates the owner of the pertinent ahupuaa or ili as the person to whom the kuleana shall go but subjects the kuleana, in that it constitutes the real property of a decedent, to the jurisdiction of the probate court to order the executor or administrator to sell the right, title and interest therein of which the decedent was seized for the payment of his debts, the residue, if any, of the proceeds of sale being distributable to the owner of the ahupuaa or ili in the same manner as it would be to the devisees or heirs had the testator or ancestor owning the kuleana died leaving kindred surviving.

Consonant to the legislative intent to subject the right, title and interest in the real property of a decedent to an order of sale is the nature of the proceeding to sell. The proceeding is without adversary parties and neither determines the existence or nonexistence of heirs nor concerns itself with devisees or those otherwise entitled to the

real property to be sold. It is strictly a proceeding *in rem* against the world in which all who may have an interest are made parties. (See *Grignon's Lessee* v. *Astor*, 43 U. S. [2 How.] 319, quoted with approval in *Rodrigues* v. *Char Fook, supra*. Also R. L. H. 1945, § 12027, am. Act 122, S. L. 1945, ser. D-188, relating to notice to interested parties.) Its purpose is to equitably convert real property, which ordinarily constitutes no part of the assets of administration, into assets capable of being administered, the objective being to pay the debts of the decedent through the prescribed channels of probate administration. Such objective is the purpose underlying not only the statutes authorizing and governing the proceeding *in rem* but the other statutes of probate administration as well, which provide the only place and method where and by which the claims of a decedent's creditors may be satisfied or settled. In the case of a decedent leaving no will, this purpose becomes the primary one. Illustrative thereof, administration of an intestate's estate is not required by statute where there are no debts including estate and inheritance taxes unpaid, nor necessary where in addition there is no family of the intestate in need of an allowance, circuit judges being empowered to determine and declare in equity the heirs of deceased persons or the absence of such heirs (R. L. H. 1945, § 12402, par. 15) and the statutes of descent and escheat operating to vest the estates of such persons accordingly. Upon administration being nevertheless granted and it appearing to have been instituted for the purpose of incurring unnecessary or excessive legal expenditures, such will not be allowed and it would be an abuse of the probate court's power to order the sale of the intestate's real property therefor. (See *Notley* v. *Brown*, 16 Haw. 575; *Estate of Kamaipiialii*, 19 Haw. 163.)

In conferring jurisdiction upon the probate court to order sale of the real property of a decedent, it is evident that the legislative authority makes no qualification with

respect to any particular decedent or composition of his real property, there being no distinction whatsoever between a decedent who may leave kindred surviving and one who may not, and none between the various denominations of land which may constitute his real property. Hence it would be judicial legislation for a court to construe the statute to the effect that the legislature intended to limit the meaning of the word "decedent" to one who left kindred surviving, or that it intended, when a decedent's real property consists of kuleanas of land, to treat it differently from that which consists of other denominations of land. Nor can this court perceive that the legislature intended to act not only contrary to the primary purpose underlying intestate administration in this Territory but to the basic purpose of all legislation to accomplish justice, no language of the legislature either expressing or implying such intention. If it did, it would achieve the unjust result of denying to the creditors of a deceased owner of kuleana lands, leaving no kindred surviving, the benefit of its remedial statute for the payment of a decedent's debts while according the full benefit thereof to those of such an owner, leaving kindred surviving.

It is significant that, in urging that the legislature intends to exclude escheated kuleanas of an indebted intestate from the jurisdiction of the probate court to order the sale of the real property of a decedent, the appellants do not argue that any language employed by the legislature in enacting any of its statutes, either separately or collectively, is susceptible to such construction. Rather, they base their contention of lack of jurisdiction to sell escheated kuleanas of land upon the authority of *Van Kleek* v. *O'Hanlon*, 21 N. J. L. 582. That case, aside from involving lands escheating to the state rather than to an individual, determined in the negative the identical question presented by this appeal, but, of course, upon the statutes of New Jersey which, in our opinion, differ ma-

terially from those of the Territory of Hawaii. With respect to the applicable Act of 1799, which constitutes the Orphans' Court, the New Jersey court pointed out its provision that "the deed of the executor or administrator on a sale to pay debts under an order of the Orphans' Court is made to vest in the purchaser as good and perfect an estate as the *heir or devisee was seized of, or entitled to,* at the time of the decree for sale." Under that Act, the court held that no jurisdiction was conferred to sell escheated lands of an intestate owner. It construed the Act as granting the authority to sell and convey only the right, title and interest in the real property of which the devisees or heirs were seized and that hence where no such right, title and interest exists, as in the case of an intestate who died seized of escheated lands, there would be nothing to sell which the legislature authorized. Such is the main point of that case, the subordinate one being that the right of the sovereign to the escheated property could not be restrained by the general words of the statutes, the statutory notice to "all *persons* interested" not being applicable to the estate and thus a sale of lands escheated to it not being contemplated by the legislature. The case is therefore not an authority for the one at bar where the decedent was seized in fee simple at the time of her death of the two kuleanas of land, both escheating to the owners of the pertinent ili, of which kuleana lands the legislature contemplates the sale for the payment of the deceased owner's debts. Such legislative consideration is evidenced by the language and effect of the two applicable statutes authorizing and governing the sale of a decedent's real property. Section 12026, *supra,* subjects the real property, not of the devisees or heirs but of the decedent himself or that of which he was seized or owned at his death, to the jurisdiction of the probate court to order sold. Section 12027, *supra,* provides that the procedure for the exercise of such jurisdiction shall be upon the petition of the executor or

administrator. It states: "If it shall appear to the judge * * * that sufficient notice of the proposed sale has been given to the persons interested in the estate, the judge may authorize the executor or administrator to sell the said real property either at private sale or public auction on such terms as the judge shall order." Under such statutes, the kuleana lands of the decedent are clearly amenable to the jurisdiction conferred, even though they may have escheated to the appellants, and the probate court's order relative thereto was a proper exercise of such jurisdiction, her real property concededly consisting of the kuleanas together with other pieces of land and the notice of the proposed sale admittedly applying to the takers by escheat.

The case of *Van Kleek v. O'Hanlon, supra,* however, is an authority by way of *obiter dictum* material to the question before this court. It points out that the applicable Act of 1799 amended the Act of 1784, which provided that a deed of an executor or administrator pursuant to an order of sale of the real property of a decedent by the Orphans' Court vested in the purchaser *"as good and perfect an estate as the owner was seized of at the time of his decease,"* implying that had the case been under such an Act it would be construed differently from that of 1799 so as to include escheated lands within the court's jurisdiction to order the sale of the right, title and interest therein of the deceased owner, "for the deed under that Act [1784] conveyed not merely such an estate as the heir or devisee had, but such as the ancestor or testator died seized of, or owned, at the time of his death." The effect of section 12026, *supra,* in authorizing the probate court to order the sale of the decedent's real property is analogous to that declared by the Act of 1784, for an executor's or administrator's deed, pursuant to such an order, would vest in the purchaser the same estate as it would had the deed been executed under the Act of 1784 so construed by the New Jersey court.

A bare reading of section 12026, *supra*, suffices to show that the construction that the legislature intends to exclude escheated kuleanas of land from the jurisdiction conferred to sell the real property of a decedent is an arbitrary and strained one, not warranted by its plain and unambiguous language. This court interprets such language as evincing a legislative intent to achieve a just result by subjecting the real property, regardless of whether it be devised, descended or escheated kuleanas of land, of any decedent, unless the power to sell is given by will, to the jurisdiction or authority of the probate court to order the sale of the decedent's right, title and interest therein for the payment of his debts, consistent with the legislative purpose of probate administration generally to pay such debts.

For the reasons assigned herein the question of jurisdiction of the probate court to order the sale of escheated kuleanas of an intestate for the payment of his debts is answered in the affirmative.

The appellants' remaining specification of error relates to an alleged invalid deed purporting to convey portions of the intestate's real property to a third party and the probate court's failure to pass judgment upon it. The evidence does not establish that the deed was delivered but shows that it was found among the intestate's effects after her death. Such is indicative of a state of the record that requires no further consideration, the probate court having no jurisdiction to try title and its not attempting to do so in no way prejudicing the appellants nor the estate in which they are interested.

The order below is affirmed.

*A. G. M. Robertson (Robertson, Castle & Anthony* on the briefs) for appellants-trustees B. P. Bishop Estate.

*F. Schnack* (also on the briefs) for appellee-administratrix.