In re Estate of Hana, w., deceased.

A. S. Hartwell for plaintiff.

E. Preston and C. Brown for defendants.

Honolulu, August 16, 1882.

## SUPREME COURT—IN BANCO.

### JULY TERM, 1882—IN PROBATE.

*Judd, C. J., McCully and Austin, J.J.*

IN RE ESTATE OF HANA, W., DECEASED. H. KEPOHONI PETITIONER, S. W. WAHILANI CONTESTANT.

#### ON APPEAL.

H. K. AND S. W. W. both apparently being heirs at law of decedent, were appointed administrators. A claim of H. K. against decedent's estate for sums advanced and for rents was disputed by S. W. W.;

HELD, the Probate Court had no jurisdiction to decide upon the merits of the claim. H. K. must resign as administrator and bring his suit at law, and if he recovers S. W. W. must proceed with the order of sale of the real estate.

Opinion of the Court by JUDD, C. J.

In this case both parties to this appeal were appointed administrators of the estate of Hana by the Probate Court.

Kepohoni, one administrator, applied for a license to sell the real estate of the decedent in order to pay a claim which

In re Estate of Hana, w., deceased.

he alleged he had against the decedent. The Probate Court took considerable evidence upon the question as to whether the claim existed, it being alleged to be for sums advanced decedent and for certain rents, and finally granted the order of sale not finding any exact amount due the administrator. The order is appealed from.

We think that this claim should be adjudicated by a Court of law. But it is said that an administrator has the authority to approve his own claim and pay himself out of assets, and if there were no assets he could then apply to sell the real estate for this purpose. Here, however, were two administrators who are also apparently the heirs at law, and the genuineness of the claim was disputed by one of them. We do not think the Probate Court has authority to decide upon the merits of a claim of this nature.

We, therefore, reverse the order licensing the sale of the estate, and send the case back to the Probate Court. If Kepohoni desires to proceed with his claim he must resign as administrator and bring a suit at law for the amount which he believes is due him against the Administrator Wahilani. It is stipulated that no advantage will be taken of the Statute of Limitations.

If he recovers, then the administrator must proceed with the order of sale.

F. M. Hatch for petitioner.

J. M. Davidson for contestant.

Honolulu, August 11, 1882.