# IN THE MATTER OF THE ESTATE OF C. AHI, DECEASED.

## APPEAL FROM FIRST CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED OCTOBER 5, 1908.        ARGUED NOVEMBER 13, 1908.
DECIDED NOVEMBER 16, 1908.

### HARTWELL, C.J., WILDER AND BALLOU, JJ.

JURISDICTION—*probate court—contempt.*

A judge in probate has statutory authority (Sec. 1648 R. L.) to compel an administrator to obey an order to pay a creditor a dividend of forty per cent. as paid other creditors, although the administrator has been discharged on a hearing of his petition for allowance of final accounts and discharge, at which hearing the creditor was not present not having received notice of it and his claim not having been considered.

Enforcement by contempt proceeding of the administrator's official duty to make such payment is not within the prohibition in the Organic Act (Sec. 10) against imprisonment for debt.

#### OPINION OF THE COURT BY HARTWELL, C.J.

This is an appeal from an order of March 11, 1908, adjudging the appellant, William L. Whitney, who was appointed

administrator de bonis non Sept. 3, 1902, and upon his own petition discharged December 11, 1906, guilty of contempt of court and committing him to the custody of the high sheriff for failing to obey an order of George D. Gear, Second Judge of the First Circuit Court, of June 10, 1904, requiring him, as administrator, to pay $870.90 to M. B. Silveira and Silveira & Co. as and for forty per cent. of their claim against the estate. The order appealed from was made after hearing upon the motion of these claimants filed January 29 last, with an affidavit of their agent Bolte that although demand had been made on Whitney to pay said sum pursuant to the order he had failed to do so. In September, 1903, the administrator had paid the other creditors forty per cent. and estimated that forty per cent. of this claim was $642 which was tendered by him and refused by Bolte on the ground that under certain agreements with the two administrators the percentage would amount to $870.90. Bolte thereupon brought a petition before Judge Gear that the administrator be ordered to pay the $870.90. After a hearing, the administrator appearing in person as well as by attorneys, the order of June 10, 1904 was made. It appears from the administrator's final accounts on file that at that date the administrator, having distributed the money on hand by payment to the other creditors of forty per cent., had $817.38 which by October 10, 1906, was increased to $1769.38 by receipts from rents, costs returned and settlement of the Ross claim. This sum was reduced by payment of rent ($250), water rates ($66.55), collector's commissions ($161.90), taxes ($130), insurance ($51), costs ($37), garbage ($2.25), rake ($.50), in all $699.20, which left 1070.18 which the administrator used for his commissions ($981.68) leaving $88.50 balance. His final accounts were filed October 20, 1906, with his petition for their allowance and for his discharge which was granted by an order of December 11, 1906, after three weeks' publication of

notice and a reference of the accounts to Job Batchelor, clerk of the court.

The appellant claims that the order adjudging him guilty of contempt and committing him to custody for nonpayment of the money pursuant to the order of June 10, 1904, was void on the grounds: (1) the Bolte claim was not presented to the administrator and action brought upon it within two months after its rejection as required by Secs. 1851, 1853 R. L.; (2) even if the claim had been presented the administrator had a right under the common law in force in the Territory to prefer one class of creditors over any other and by paying more to other creditors he would not be liable to these; (3) the settlement of his accounts and final discharge is a judgment conclusive on persons interested in the estate and duly cited in the proceeding upon all matters involved in the account and passed on by the court, which judgment cannot be collaterally impeached by a proceeding of this nature; (4) the administrator having been discharged the court had no jurisdiction over the defendant even if it could be had by setting aside the order of discharge; (5) the order of Judge Gear was void, the court having no authority to try and determine disputed claims; (6) the order should be taken to have been made under the implied condition that funds sufficient would first come into the hands of the administrator or else it is an order reviewable on final accounting when all parties are before the court; (7) the claim is that of a money obligation and debt within the meaning of the Organic Act providing (Sec. 10) that no person shall be subject to imprisonment for nonpayment of taxes nor for debt.

The question of greatest difficulty in the case is the validity of the order of the circuit judge directing the administrator de bonis non to pay to Silveira and Silveira & Co. $870.90 as and for forty per cent. of their claim.

On the one hand the circuit judge has statutory authority to compel executors, administrators and guardians to perform their trusts and to account in all respects for the discharge of their official duties. R. L. Sec. 1648. On the other hand is the well recognized principle that in the absence of statute a probate court has no jurisdiction to pass upon disputed claims against the estate. *Estate of Hana,* 4 Haw. 499. An order to pay a claim against the decedent duly rejected by the administrator would be clearly outside the jurisdiction of the circuit judge, while an order to pay an undisputed claim asked on account of the unreasonable refusal or delay of the administrator would be within the statutory authority, the word "trusts" being obviously not confined to the technical relation of trustee and cestui que trust but descriptive of the fiduciary duties of executors, administrators and guardians.

The creditors' claim in this instance had originated from the fact that the decedent had been their tenant under a lease. The buildings on the land had been burned in the fire of January, 1900, started in another locality for the destruction of some infected buildings, and there was pending a fire claim before the government in the name of C. Ahi in which the estate was interested to the extent of the leasehold value of the buildings and the Silveiras to the extent of the reversionary value. The first administrator, C. H. W. Ahi, settled the claim and cancelled the lease by an agreement to pay the sum of $2558.80 as the back rent to that date, the Silveiras agreeing to allow the estate five-twentysevenths of the fire claim, this amount, however, to be reduced proportionately if their claim for rent was not paid in full. The second administrator, acting as he claims in ignorance of the agreement of his predecessor, made an assignment of the fire claims to the Silveiras in consideration of their promise to pay the lump sum of $381.50 out of the moneys received. The fire claims having been paid the question arose whether, under these agreements,

the dividend of forty per cent. which had been paid to the other creditors was in this instance subject to a set-off of the entire $381.50 in favor of the estate or to a set-off of only forty per cent. of that sum. The administrator took the first position and tendered $642, which the creditors' agent refused, and after some delay filed the petition which led to the order under consideration.

Jurisdiction of the circuit judge to hear and determine the matter in question must be judged by the allegations of that petition. Van Fleet, Collateral Attack, Sec. 60. The petition sets out the agreements and alleges that under them the estate is indebted in the sum of $2558.80 subject in the event of full payment to a deduction of $381.50; that the administrator is prepared to pay forty per cent. of the claims against the estate; that forty per cent. of petitioners' claim is $1023.-50; that the administrator claims the right to deduct the sum of $381.50 and has tendered the balance of $642, but that petitioners claim that he should deduct only $152.60 and that he should be ordered to pay the balance of $870.90, with a prayer accordingly.

This is not a disputed claim against the estate. That is admitted to be $2558.80 less a deduction of $381.50. Had the creditors sought to recover at law the judgment could have been only for the full balance, and evidence of the present ability of the estate to pay forty per cent. and the probability or improbability of future dividends would have been inadmissible in such an action. The question before the circuit judge was not as to the amount which was ultimately due to the Silveiras but solely as to the amount which the administrator should pay at that particular time to put these creditors on an equality with the others who had been paid. It was no bar to further applications of the same nature, involving a recomputation of the deduction, in case the estate should ever be in position to pay further dividends. It was an order

incidental to the proper administration of the estate and as such was within the statutory power of the circuit judge.

Upon contempt proceedings for the disobedience of an order of court, valid and unrevoked, we can consider no objections to that order which do not go to the jurisdiction of the court. If the order is erroneous in any particular the remedy is by appeal· or by direct proceeding of some other nature, not by disobedience. If, as is now contended, the written agreement with the administrators should have been presented as if it were a claim against the decedent; if the administrator had overestimated the amount which the estate could pay; if his calculations had been disturbed by the payment of the Quai Far claim; if he claimed that he had the right to prefer other creditors and leave this claim unpaid; if the order should not have been absolute but conditional upon his having sufficient assets over and above his commissions and attorneys' fees, all these claims were either available at the time or should have been brought to the attention of the circuit judge as soon as available as grounds for the modification of the order. They are not defenses in this proceeding.

So far as the defense of subsequent discharge as administrator is concerned, we cannot regard the order of discharge as a direct revocation of the order to pay this claim, particularly as the petition for discharge recited that the administrator had complied with all orders of court and no mention of this claim was made in the accounts filed.

The settlement of an administrator's final accounts, unless corrected on motion by the probate court or on petition by a court of equity, concludes persons interested in the estate who appear or to whom notice was given upon matters involved in the accounts and passed upon by the court; but here there is nothing to show that the attention of the court was called to the nonpayment of the $870.90. It has never been held in this jurisdiction that an order approving an administrator's final

accounts has the effect of an adjudication upon the claim of one who did not appear at the hearing and had no notice of it, and where the claim was not heard or passed upon.

A decree of distribution does not bar an adverse claim by one who had not proper notice to appear. *Mikalemi v. Luau,* 6 Haw. 47. "The general rule is that a judgment is void as to one entitled to be heard who had no notice, actual ·or constructive." *Mossman v. Hawaiian Government,* 10 Haw. 421. There is no statutory authority for notice by publication of hearings of administrators' petitions for allowance of final accounts and discharge, and in the absence of statute constructive notice by newspaper publication, is not sufficient. 2 Woerner Adm. Sec. 571; *Butterfield v. Smith,* 101 U. S. 570; *Griffith v. Godey,* 113 U. S. 93; *Smiley v. Cockrell,* 92 Mo. 111; *Ruth v. Oberbrunner,* 40 Wis. 238.

Bolte testified that he had no notice of the hearing and the administrator's statement that he told him that the accounts had been referred to Batchelor, although this is denied by Bolte, would not be sufficiently definite to constitute notice of the order setting the time and place for hearing the administrator's petition for discharge. As it does not appear that this claim was considered at the hearing on the final accounts the claimant has some remedy to recover what was payable on his claim, and the enforcement of the outstanding order by contempt proceedings is an appropriate remedy.

The statutory power of a judge in probate to compel an administrator to perform his trusts and to account in all respects for the discharge of his official duties is the same as the compulsory power of equity to enforce its decrees and is not within the prohibition against imprisonment for debt. *Mueller v. Nugent,* 184 U. S. 1.

Order affirmed.

*Castle & Withington* for appellant.

*A. G. M. Robertson* for appellees.