## J. P. LOONEY AND R. W. SHINGLE *v.* TRENT TRUST COMPANY, LIMITED, AS EXECUTOR OF THE WILL AND ESTATE OF E. C. RHODES, DECEASED.

### No. 918.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HON. W. L. WHITNEY, JUDGE.

ARGUED MARCH 23, 1916.                    DECIDED MARCH 27, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

SPECIFIC PERFORMANCE—*suit against executor—parties.*

> Under Chap. 159, R. L., where a testator, during his lifetime, sold to plaintiff certain real estate and received the full purchase price thereof and executed a written agreement wherein he promised to make, execute and deliver to the plaintiff a deed for such real estate, but died before doing so, a suit may be maintained for specific performance of such written contract against the executor of testator's estate without joining the heirs or devisees of the testator.

OPINION OF THE COURT BY QUARLES, J.

The plaintiffs, J. P. Looney and R. W. Shingle, filed their bill of complaint against the defendant, Trent Trust Company, Limited, as executor of the will and estate of E. C. Rhodes, deceased, to obtain a decree of specific performance. The facts alleged, briefly stated, are as follows: The testator died in California February 14, 1915, leaving an estate in the Territory of Hawaii. The defendant, Trent Trust Company, Limited, duly qualified on August 30, 1915, as executor of the last will and testament of the said testator before a circuit judge of the first circuit and ever since has been such executor and acting as such. The testator, in November, 1914, sold to the plaintiff Looney lot 9, Alewa Heights, in Honolulu, Territory of Hawaii, for

the sum of $236 cash then paid, delivered to the said plaintiff the said lot 9 and also a writing in words and figures as follows: "No. 627 Beretania Street, Honolulu, T. H. Received of J. P. Looney Fifteen ($15.00) Dollars the same to be used by me paying expenses of making and executing a deed to lot No. 9 Alewa Heights, Honolulu, Oahu, Territory of Hawaii. I agree to make and execute this deed as soon as I arrive home in California (on or about December 1st, 1914). The purchase price of said Lot No. 9, Alewa Heights, has all been paid to me by J. P. Looney, and I acknowledge the receipt of the same. It is agreed that I shall deed the lot to R. W. Shingle to be held as security for money loaned for the purchase price of said lot. E. C. Rhodes." The said purchase price, borrowed by the plaintiff Looney from the plaintiff Shingle, was fully repaid to the plaintiff Shingle by the plaintiff Looney. The plaintiff Looney has at all times been in possession of the said lot 9 since he purchased the same as aforesaid and has made valuable improvements thereon, paid all taxes and assessments against said lot, and has performed all the stipulations of the said contract of sale to be by him performed. The testator died without having made a deed conveying the said lot to the plaintiffs or either of them. The plaintiff Looney, on December 22, 1915, at Honolulu, presented his claim in writing, under oath, to the defendant and demanded the execution by defendant, as executor aforesaid, of a deed to him of said lot 9, but the defendant failed and refused to make such deed and still fails and refuses to make such deed. Plaintiffs pray that plaintiff Looney be decreed to be the owner of the said lot and entitled to a specific performance of the said contract and that the defendant, as such executor, be ordered, directed and decreed to make and deliver a good and sufficient deed conveying such lot 9 to the plaintiff Looney and for general

equitable relief. To the said bill of complaint the defendant filed its demurrer upon the ground that the said defendant is not a necessary or proper party to the suit, and upon the further ground of nonjoinder of parties defendant in that the heirs and devisees of the testator are not joined as defendants. The demurrer was overruled and the defendant answered admitting many of the allegations of the bill and alleging want of knowledge as to the truth of other facts alleged. The cause was heard and the circuit judge, sitting at chambers in equity, found the allegations of the bill to be true and decreed that the defendant, as executor of the last will and testament of the testator, execute and deliver, pursuant to the said written agreement of sale, to the plaintiff Looney a good and sufficient deed conveying to said plaintiff Looney all the right, title and interest which the said testator had in said lot 9 at the time of making the said agreement, with cost of suit. From said decree the defendant has appealed.

The only matters argued before us, either in the briefs of counsel or orally, are, whether the plaintiffs can maintain this suit and obtain the relief prayed and decreed against the defendant as executor, or whether they should join the heirs and devisees of the testator as defendants. At common law the realty descended to the heirs (unless devised, when it passed to the devisees) subject to payment of the debts of the deceased ancestor or testator in case the personalty was insufficient, and that is the rule here unless changed by statute. In chapter 159 of the Revised Laws, under the head of "Specific Performance," we find the following sections:

"Sec. 2834. Against heirs, executors, etc., within one year. When any person, who is bound by a contract in writing to convey any real estate, shall die before making the conveyance, the other party may have a bill in equity before a circuit judge, to enforce a specific performance of

the contract by the heirs, devisees, or by the executor or administrator of the deceased party, such bill to be filed within one year after the grant of administration."

"Sec. 2835. Decree in such case. The judge shall hear and decide every such case, according to the proceedings in chancery, and shall make such decree therein as justice and equity may require."

"Sec. 2836. Deed by whom. If it shall appear that the plaintiff is entitled to have a deed of conveyance, the judge may authorize and require the executor or administrator of the deceased party, to convey the estate in like manner as the deceased person might and ought to have done, if living; and if his heirs or devisees, or any of them, are within the Territory and competent to act, the judge may direct them or any of them, instead of the executor or administrator, to convey the estate in the manner before mentioned, or to join with the executor or administrator in such conveyance."

"Sec. 2837. Deed, effect of. Every conveyance made in pursuance of such decree, shall be effectual to pass the estate contracted for, as fully as if made by the contractor himself."

These statutes were intended to change the common law rule in cases like the one at bar where the deceased had during his lifetime sold real property but had failed to make a conveyance thereof agreed by him to be made. The statute authorizes the suit against the executor or against the heirs or devisees, as the case may be, at the option of the plaintiff, regardless of the extent of the indebtedness, or whether or not the personal property left is sufficient to satisfy such debts, hence there is no non-joinder of parties defendant and the defendant is a proper party defendant. The plaintiff had bought the premises, fully paid for the same, received possession from the testator, made valuable improvements upon the lot in question, and, under the written agreement, was entitled to a deed from the testator while living, and after his death is entitled to a deed pursuant to the said written agreement

either from the defendant, as executor, or from the heirs and devisees, if any there be, at his option. The demurrer was properly overruled.

Counsel for appellant—defendant—have failed to comply with the requirements of Rule 3 of this court as amended October 4, 1915 (22 Haw. 795), which requires that the appellant's brief contain, among other things, "a specification of the exceptions or assigned errors which are relied upon." This rule was intended to apply to all cases, especially appeals in equity suits like the one under consideration. It frequently happens that a cause comes into this court on numerous exceptions, many of which are not discussed in the brief or argument or expressly abandoned. In cases of writ of error some of the errors assigned are frequently abandoned or ignored by counsel for the appellant in arguing the cause. It therefore becomes of importance to the court and opposing counsel for the appellant in the opening brief to specify the errors upon which he relies and seeks a reversal. This rule was adopted for the purpose of assisting counsel in presenting, and the court in considering, only such errors as are of sufficient importance to be argued. The object of the rule is to eliminate exceptions taken and errors assigned hastily and without consideration, as frequently happens, and especially for the purpose of avoiding the necessity of the court in appeals in equity cases from having to search through the record for errors relied on by the appellant. No specifications of error are contained in the brief for the appellant, but only one question of law being involved, and this question having been argued by respective counsel without objection to the absence of a specification of errors in appellant's brief, we concluded to pass upon the merits of the question involved. We do not desire to be understood as establishing a precedent in this case to be followed hereafter, and desire counsel to understand that the said

rule must be substantially complied with in all cases.

The decree is affirmed with costs to the plaintiffs appellees.

*J. T. DeBolt* for plaintiffs.

*C. S. Franklin* (*Thompson, Milverton & Cathcart* on the brief) for defendant.