## IN THE MATTER OF THE ESTATE OF F. W. K. BECKLEY, DECEASED.

### No. 1882.

ARGUED SEPTEMBER 4, 1929.          DECIDED OCTOBER 25, 1929.

PERRY, C. J., PARSONS, J., AND CIRCUIT JUDGE CRISTY IN PLACE OF BANKS, J., DISQUALIFIED.

164

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon questions of law reserved by the trial judge under the provisions of section 2513, R. L. 1925. The reservation above referred to is upon an agreed statement of facts, which, omitting exhibits and reference to the same, and omitting formal recitals not necessary for present consideration, is as follows: "The following is a statement of the facts necessary to a determination of the said questions: that F. W. K. Beckley died on January 7, 1881, having been at the time a resident of Honolulu, Hawaii, leaving property real, personal and mixed in Honolulu and on various islands, and leaving a last will and testament which was duly filed for probate on the 10th day of February, 1881, in the supreme court of the Territory of Hawaii in Probate No. 124, in the files of said supreme court * * *; that Emma M. Beckley, his widow, now Emma M. Nakuina, was named as executrix without bond in said will (which is a part of Probate No. 124, supreme court files) * * *; that said Emma Beckley, now Emma Nakuina, was appointed executrix on the 18th day of February, 1881, no formal letters testamentary other than this appointment being issued, and continued as such until April 3, 1924, when removed by an order made in Probate No. 124 in the circuit court of the first judicial circuit, said order further purporting to remove her as trustee of said estate; said order also appointed Bishop Trust Company, Limited, administrator with the will annexed of the estate of F. W. K. Beckley and purported further to appoint Bishop Trust Company, Limited, trustee of the estate of F. W. K. Beckley * * *; that during the years 1881-1924 Mrs. Beckley, now Mrs. Nakuina, managed the estate in accordance with her understanding of the provisions of the said will of F. W. K. Beckley, dealing with both the personal and real property of the estate in various ways, including

mortgaging and selling portions of the real estate; that during these years no accounts were ever filed by her; that the estate has never been closed but is still open; that on the 23rd day of August, 1920, Sabina K. Hutchison, a daughter of the said Emma Beckley, now Emma Nakuina, filed a petition in the first circuit court in the above entitled matter asking that an order be made requiring Mrs. Nakuina to file her accounts as executrix; that on October 22, 1920, the said Sabina K. Hutchison filed an amended petition in this same matter * * *; that on the 7th day of October, 1921, the court appointed William Hoopai as master for the purpose of securing an accounting from said Emma Nakuina * * *; that thereafter on the 3rd day of February, 1922, the said William Hoopai resigned as such master, and the court appointed F. Schnack as master in place of the said William Hoopai for the purpose of obtaining said accounting from the said Emma Nakuina * * *; that thereafter the said F. Schnack undertook his duties as master in accordance with said order and on the 19th day of January, 1923, made and rendered his report, and on the 14th day of March, 1923, made and filed a supplemental report in the same matter. These reports trace all the real property owned by the said F. W. K. Beckley at the time of his decease and all rents and transactions relative to said realty from the time of his death until the dates of said reports, and further itemize all of said real estate. Thereafter upon a hearing in court on the question of fees the said F. Schnack was awarded the sum of $1500.00 as a fee for his services * * *. That on November 28, 1924, the said Emma Nakuina, in an action in Equity No. 2696A; filed her petition praying that she be allowed to resign as trustee of the estate of F. W. K. Beckley, deceased, and prayed that Bishop Trust Company, Limited, be appointed as trustee of said estate * * *; that on

December 27th, 1924, said Emma Nakuina was removed as trustee of said estate and Bishop Trust Company, Limited, was appointed trustee of said estate and legal title to all of the real estate of the trust estate created by the will of F. W. K. Beckley, deceased, was ordered divested from Emma Nakuina and vested in Bishop Trust Company, Limited, as trustee * * *; that thereafter said Bishop Trust Company, Limited, as trustee, mortgaged portions of said trust estate and also executed leases of certain other portions of said trust estate; that thereafter on the 20th day of November, 1925, the Bishop Trust Company, Limited, as administrator with the will annexed of the estate of said F. W. K. Beckley, filed a petition for its discharge as such administrator * * *. The contentions of Bishop Trust Company, Limited, as administrator with the will annexed, are as follows: (1) that the will of F. W. K. Beckley created a trust of his estate, Emma Beckley, now Emma Nakuina, the person designated as executrix, being also to act as trustee; that although no formal order of distribution was ever made by a court of probate, Emma Beckley (Nakuina) ceased to act as executrix and began her duties as trustee under the will after the lapse of a reasonable time within which the estate should have been closed in probate, and from that time until her removal in 1924 the said Emma Beckley (Nakuina) acted in the capacity of trustee and not of executrix. (2) That there is now no estate in probate of F. W. K. Beckley, but that the only estate is trust estate, legal title to the same being now vested in Bishop Trust Company, Limited, under the provisions of the order entered by the court in Equity Case No. 2696A * * *. (3) That the fee which has been awarded to F. Schnack for his services as master is not a proper charge against the estate in probate of F. W. K. Beckley, for the reason that the services rendered by him were in fact

duties performed as a master of the accounts of the trust estate and not of the estate in probate. (4) That, if the fee awarded to F. Schnack should be adjudged a proper charge against the estate in probate of F. W. K. Beckley, this fee cannot be paid by the Bishop Trust Company as administrator, for the reason that no assets exist out of which to pay said fee, no personal assets being in existence and the real assets having become trust estate, as set out in this statement of facts; and for the further reason that, even if there were real assets in the estate in probate, no authority in law exists whereby the administrator may sell real estate for the purpose of paying the expenses of administration, the services rendered by F. Schnack being clearly an expense of this character."

Upon the foregoing statement of facts the questions reserved to this court are as follows: "(1) Is the fee of $1,500.00 awarded to F. Schnack as master by the presiding judge in probate in the above entitled matter on June 2, 1924, a proper charge against the estate in probate of F. W. K. Beckley, deceased? (2) If this fee is adjudged a proper charge against such estate in probate, out of what assets shall such fee so awarded be paid?"

The value of Mr. Schnack's services and the reasonableness of the fee awarded him are not questioned and the award in this respect is not before us for review.

Whether or not the charge is a proper one "is dependent in part" as set forth in the report preceding this one "upon the jurisdiction of the judge of the probate court to order an accounting and to appoint Mr. Schnack master in said matter for the purposes, at the time, and in the manner" set forth in two orders dated respectively October 7, 1921, and February 3, 1922, therein quoted at length and herein referred to in the above quoted statement of facts. The contentions of the administrator with the will annexed in this respect are thus set forth in his

opening brief: "I.—The probate court had no jurisdiction over the accounting by Mrs. Nakuina, who was trustee as well as executrix, for the reason that this accounting was in her capacity as trustee and not as executrix, and was therefore an accounting within the jurisdiction of a court of equity and not of a court of probate. II.—After the lapse of a reasonable time within which the estate should have been administered, Mrs. Nakuina, the executrix, who was also trustee under the will, held the property as trustee and ceased to hold as executrix in the absence of special circumstances which necessitated keeping the estate open."

A copy of testator's will is attached as exhibit "A" to the agreed statement of facts above quoted. An examination of its provisions in connection with other facts set forth in the statement is required to enable us to pass upon the jurisdiction of the probate court on October 7, 1921, and February 3, 1922, to order an accounting on the part of the executrix and to appoint a master as above set forth. Said will contains the following provisions:

"First: It is my will that my wife, Emma Metcalf Beckley, shall be the executrix of this my last will and testament and that she shall act in the settlement of my estate without giving bond.

"Second: It is my will that my executrix immediately upon my death reduce to her possession all of my estate, real, personal and mixed of every description whatever.

"Third: It is my will that out of my personal estate if the same be sufficient that all of my just debts shall be paid and in the event of my personal estate being insufficient to pay and discharge my debts then and in that event that my executrix shall mortgage or sell as she shall think best such of my real estate as shall be necessary to raise funds sufficient to pay any and all debts remaining due and owing after first applying and exhausting the personal estate and I hereby invest my executrix with full power and discretion in the premises.

"Fourth: It is my will that my executrix shall retain possession of all the residue of my estate remaining after the payment of my debts whether the same be real, personal or mixed and invest the personal estate as she may deem best and rent and lease the real estate subject to her own judgment and receive all interest, rental and income of every nature arising therefrom and apply and use the same for the support of herself and the support and education of my children. And should the income from my said estate exceed the amount necessary for the support of my wife and the support and education of my children then my executrix shall invest the residue as it accumulates to the best advantage as her judgment may direct.

"Fifth: It is my will that the residue of my estate so held in trust by my executrix in the event of the monies arising therefrom being insufficient for her support and the support of and education of my children, then my executrix is authorized and empowered to mortgage such of my estate as will supply the exigencies as they arise.

"Sixth: It is my will that my executrix shall remain seized of all my estate remaining after payment of my debts and supporting herself and my children during her life with power to apportion to each child, as it shall become of age or marry, such part of my estate as my executrix may in her judgment see fit with power and right to retain a full one-third of my estate or the income from one-third of my estate for her own individual use and support during her full term of life the same at death to vest equally in and be divided by my children and their representatives in equal degrees.

"And I further empower and authorize my said executrix to make a division of my estate by will amongst my children in such proportion as she may deem equal and just, and a division of my estate being thus made by my executrix by last will and testament shall have full force and effect in the event of her dying before the execution of the trust hereby created and established in and by this my last will and testament."

It is obvious that under sections second and third of said will the executrix was authorized and empowered to

take into her possession all of testator's property, real, personal and mixed, and in the event therein named to mortgage or sell testator's real estate—all for purposes of administration, namely, the payment of "any and all debts remaining due and owing after first applying and exhausting the personal estate." The powers to mortgage and to sell real estate are powers which may be conferred by will upon an executor and may be granted in express terms or may arise by implication. When the proceeds of such sale or mortgage must pass through the hands of the executor for the payment of debts or for the distribution of the proceeds among legatees, it has been held that such power or powers are necessarily vested in him even in circumstances where the will does not expressly provide, as it does in the case at bar, that such powers be exercised by such representative. See 3 Alexander Com. Wills, §§1476, 1477, and 40 Cyc. 1823.

No inventory of the property, real or personal, of said estate has ever been filed by the executrix and she has rendered no account of receipts or disbursements. We are not apprised by her as to whether or not the personalty of said estate was sufficient to pay the debts thereof or what amounts, if any, were realized from the sale or mortgage of the realty and applied for that purpose. In the master's report which forms part of the record of said probate proceeding No. 124 and which we are therefore permitted to consult and consider under the stipulation of counsel filed herein under date of September 5, 1929, are recitals of conveyances of real property of said estate by Mrs. Nakuina as executrix by deeds which themselves recite that they are for the purpose of paying debts of the decedent and that the personalty of the estate is insufficient for that purpose. The report further recites a decree of the chief justice of this court in Probate No. 124 under date of March 21, 1892, authorizing Emma M. Na-

kuina as executrix of said estate to obtain by way of mort-
gage on four specific pieces of land of the estate a loan of
$7000 for the purpose of paying debts of the estate and for
the support of the widow and her children. The report
cites the recording of a mortgage under said decree. The
accounting, therefore, required of Mrs. Nakuina was, in
part at least, an accounting as executrix under the pro-
visions of sections first, second and third of her deceased
husband's will, and this without reference to whatever
other powers and their resultant duties had been con-
ferred upon and required of her by paragraphs fourth,
fifth and sixth of said will, discussed in the opening brief
of the administrator with the will annexed. The master's
report shows that a partial accounting at least had been
made to him by Mrs. Nakuina, as executrix, under sec-
tions second and third above referred to. Pending admin-
istration the probate court had jurisdiction to order an
accounting (see Sec. 2496, R. L. 1925) ; and it had juris-
diction of the account when rendered in so far as the same
referred to acts of administration. The administrator
with the will annexed relies upon presumption of settle-
ment of accounts and distribution of property from lapse
of time. Whether or not such a presumption exists here
need not now be determined. If it does exist, it has been
overcome in the case at bar by contrary acts and admis-
sions on the part of the executrix and of the administrator
with the will annexed and by other evidence. The report
of the master in instances above recited shows convey-
ances of property and application of at least a part of the
proceeds by Mrs. Nakuina as executrix of said will, and as
late as October 2, 1924, two years and eight months after
the appointment of Mr. Schnack as master in said probate
proceedings, we find a petition in Equity No. 2696A, a
copy of which is attached as exhibit "G" to the agreed
statement of facts herein, signed and sworn to by Mrs. Na-

knina, wherein, among other things, she avers "that the probate estate of said decedent has never been closed, and that heretofore, and on, to-wit, the 2nd day of April, A. D. 1924, your petitioner consented to be removed as executrix of said will and was removed as executrix of said will by the order of the presiding judge at chambers in probate in the circuit court of the first judicial circuit, Territory of Hawaii, in the matter entitled 'In the Matter of the Estate of F. W. K. Beckley, Deceased,' and being Probate No. 124, said order of said presiding judge of said court being made and entered on April 3rd, 1924." Orders of the probate court subsequent to said order appointing a master referred to in said statement of facts dealt with said estate as though administration were still pending. Since that date, upon petition, the executrix has been removed and an administrator *de bonis non, cum testamento annexo* has been appointed. Furthermore, said administrator has performed acts inconsistent with its theory of former settlement and discharge by filing its bond, paying accounts for premium and advertising thereafter incurred, and filing its petition, which is still pending in the probate court, for allowance of the amounts expended by it, for cancellation of its bond, and for its discharge. In the circumstances above recited no presumption of settlement and distribution can be indulged. *Main* v. *Brown,* 72 Tex. 505, 13 A. S. R. 823, is directly in point. Quoting from the last named report, on page 826: "Without a statute or a well-established rule to that effect we would be loath to hold that mere lapse of time without action by the court in an administration would relieve the administrator from being called to account in the probate court. * * * An administrator may be cited by an heir or by the court to render his final account and close the estate or he may himself file the account and ask his discharge by the court after the estate has been fully ad-

ministered. * * * He ought not to be allowed to discharge himself by his own neglect of duty. When the estate is ready to be closed, it is his duty to render an account to the probate court of his acts, the money received and disbursed and to show the present condition of the estate. There is a distinction in holding an administration closed for some purposes and for calling the administrator to account in the probate court. He is a trustee, charged with the management of a trust estate under the rules of the probate law. He ought not to be allowed to plead his own laches as a bar to the jurisdiction of the court to compel him to make settlement of the trust estate. The law has fixed the jurisdiction and he should not be allowed to evade it by his own wrong and neglect. His laches might be pleaded by others so as to deprive the court of jurisdiction to order sales of the estate, to reopen the succession, and for some other purposes, but he should not be heard to deny the court's power conferred by statute to cite him to account upon such grounds." The opinion in the above quoted case then recites acknowledgment by the administrator that he had some of the estate property still in his hands and that he had performed certain duties as such administrator. Continuing, the opinion says: "These facts deny the presumption he seeks to invoke. * * * By this he admits he was still * * * acting as administrator of the estate. If the administration would, after such lapse of time, be presumed to have been closed so as to deprive the court of jurisdiction, the presumption could not be indulged against the fact that he was still acting in the capacity of administrator."

In the view hereinabove expressed the probate court had jurisdiction: on October 7, 1921, to order an accounting on the part of the executrix; on February 3, 1922, to appoint a master in said matter; and on June 2, 1924, to

award said master a fee in the sum of $1500; and in the circumstances hereinabove recited the fee so awarded was a proper charge against said estate.

This leaves to be answered the second reserved question, namely, "Out of what assets shall such fee so awarded be paid?" The administrator with the will annexed contends that "even if this fee has been properly awarded by the probate court and constitutes a proper charge against the probate estate of F. W. K. Beckley, this fee cannot be paid for the reason that there are no assets in the probate estate available for payment of this fee, there being a complete lack of personal assets, and also of real assets, the latter being held as forming the corpus of the trust estate, and not of an estate in probate; and for the further reason that even if this were not the case, real estate cannot be held to pay the expenses of administration." Legal title to all the real property of said estate is claimed by the Bishop Trust Company, Limited, as trustee under the vesting order in equity, dated December 27, 1924, referred to in the agreed statement of facts, a copy of which order is attached to said statement as exhibit "G." At the date of said vesting order in equity the said Bishop Trust Company, Limited, was acting as administrator *de bonis non, cum testamento annexo* of said estate under order of the probate court dated April 3, 1924, and in said probate matter as above set forth there had been no completion of administration, no settlement of accounts, no final distribution and no order of distribution. In these circumstances no vesting order in equity could take from the executrix or administrator *de bonis non* the power given such a representative by the testator's will to sell or mortgage his realty for administration purposes. "The jurisdiction of the probate court ceases when an executor, who is also trustee, has made his final settlement; a court of equity alone can

enforce the testamentary trusts; but until distribution he holds as executor, and not as trustee, and equity has no jurisdiction." 1 Woerner on Administration (3d ed.) 518. "An executor does not hold a fund as trustee until the trust has been legally ascertained, identified and separated from the general funds of the estate and the trustee has entered on the duties of his office of trustee as distinguished from his functions as executor." 40 Cyc. 1769, n. 51.

In the view above expressed it is unnecessary for us to discuss the nature of the powers other than those of an executrix conferred upon Mrs. Nakuina under said will. It is claimed by the administrator with the will annexed that she held as trustee and it is assumed that the powers were such that at least a part of them could and did follow the office and that they are now vested in the Bishop Trust Company, Limited. We express no view as to what powers under the will or the vesting order may be exercised by the Bishop Trust Company, Limited, as trustee, that question not having been argued or submitted to us and its decision not being necessary to a determination of the matters presently in controversy.

The administrator with the will annexed contends that "under our statute real estate cannot be sold to pay expenses of administration but only to pay the debts of decedents," and cites *Estate of Kamaipiialii,* 19 Haw. 163, 167, in support of this contention. The case last above cited was decided in 1908, the statute construed being R. L. 1905, section 1855. This section, with subsequent amendments, is now section 2493, R. L. 1925, as still further amended by Act 45, S. L. 1929. The last-named amendment expressly provides, among other things, that "the real property of a decedent shall hereafter be subject to sale by the executor or administrator when authorized by the court for payment of expenses of administra-

tion, family allowance and estate and inheritance taxes, as well as for payment of debts when the personal estate of the decedent is insufficient for such purposes." As administration is still pending, the provisions of section 2493, R. L. 1925, as amended by Act 45, S. L. 1929, are now applicable.

For reasons hereinabove set forth, reserved question number one is answered in the affirmative and the answer to reserved question number two is that said fee shall be paid from a sale of realty of said estate under the provisions of section 2493, R. L. 1925, as amended by Act 45, S. L. 1929.

*C. A. Gregory* (*Smith, Wild & Hoppe* with him on the briefs) for the administrator.

*F. Schnack,* Master, in person.

*W. F. Crockett* and *Wendell F. Crockett* for the petitioner.