STERLING E. MOSSMAN AND VIRGINIA E. MOSS-
MAN *v.* HAWAIIAN TRUST COMPANY, LIMITED,
A HAWAII CORPORATION, EXECUTOR UNDER
THE WILL OF JAMES W. GLOVER, DECEASED.

No. 4116.

March 23, 1961.

Tsukiyama, C. J., Cassidy, Wirtz, and Lewis, JJ.,
and Circuit Judge Crockett
Assigned by Reason of Vacancy.

2

OPINION OF THE COURT BY LEWIS, J.

This interlocutory appeal was allowed from an order of January 19, 1959, denying defendant's motion for summary judgment filed December 3, 1958. The motion sought judgment "under the provisions of Section 317-23, Revised Laws of Hawaii 1955, and also under the provisions of Chapter 190, Revised Laws of Hawaii 1955." R.L.H. 1955, § 317-23, is the nonclaim statute, and R.L.H. 1955, c. 190, is the Statute of Frauds.

Plaintiffs, husband and wife, on May 15, 1958 filed a complaint which, as amended on June 20, 1958, alleged that in May 1944, James W. Glover, deceased, gave plaintiffs certain real property at 3014 Gulston Street, Honolulu, for which plaintiffs have received no deed. Plaintiffs' sought a deed to the property, a house and lot occupied by themselves, and if specific performance was not granted the reasonable value of the property, plus damages. Only the executor of the deceased was named as defendant. The executor still remains the sole party defendant.

The executor answered plaintiffs' amended complaint, denying the claim and asserting other defenses of which the following are pertinent to this appeal: It was alleged that under R.L.H. 1955, § 317-23, any claim of plaintiffs against the estate of deceased was barred on August 11, 1957, four months after first publication of notice to creditors of deceased, and that the only claim filed by plaintiffs was a letter from their attorney dated March 13, 1958.

It further was alleged that plaintiffs' claim was based upon oral statements of deceased, that there was no memorandum in writing signed by deceased, and that the claim was barred under R.L.H. 1955, c. 190, the Statute of Frauds.

On July 28, 1958, there was a hearing on a motion for summary judgment, made by defendant on the same grounds subsequently presented by the motion of December 3, 1958, set out above, from the denial of which subsequent motion this appeal was taken. The ruling on this earlier motion was held in abeyance pending the filing of a second amended complaint, leave to file which was granted.

The second amended complaint, filed August 5, 1958, made the same allegations as the first amended complaint, and further alleged that, in reliance on the gift by deceased, plaintiffs took possession of the premises in May, 1944, and "did construct and otherwise impose substantial improvements of a permanent nature and otherwise change their position, in reliance on the gift." The answer to this second amended complaint was the same as was made to the first, except that it was further asserted that "plaintiffs have made no substantial, valuable and permanent improvements to said real estate, nor have plaintiffs made any legal change of position since May, 1944."

Two depositions of plaintiff Sterling E. Mossman were taken by defendant. The motion for summary judgment came before the court on December 22, 1958, on the pleadings, these depositions, and two affidavits filed by defendant.

The affidavits showed that the land involved was registered under the Torrens system, R.L.H. 1955, c. 342, in the name of James Wilson Glover without any notation on the certificate of title of any interest of plaintiffs. The affidavits also supported the allegation that the first

communication from plaintiffs was after expiration of the four months' period under the nonclaim statute, R.L.H. 1955, § 317-23. We consider first the contention that defendant is entitled to judgment by reason of the application of that statute. The court below held it inapplicable.

For reasons which we now state, we hold that the nonclaim statute is inapplicable to a claim for specific performance. As to the prayer for the reasonable value of the land, this is alternative and is not reached, since we are of the view that defendant is not entitled to summary judgment denying the specific performance. As to the "damages" claimed in addition to specific performance in the sum of $2500, this claim does not appear to be against the deceased but rather, from the depositions on file, appears to be intended to relate to the period after decedent's death, in which event the nonclaim statute would not be material. Accordingly, we do not consider this further.

With respect to the claim for specific performance, defendant concedes that there is authority against its contention that the nonclaim statute applies but relies on the Kansas rule. In Kansas, the probate court has broad powers construed to be applicable even to contests over ownership of property claimed by the estate. It is in the light of those powers that the word "demand," as used in the Kansas nonclaim statute, has been construed. *In re Dotson's Estate*, 154 Kan. 562, 119 P. 2d 518; *In re Whittelsey's Estate*, 156 Kan. 157, 131 P. 2d 911; *In re Grindrod's Estate*, 158 Kan. 345, 148 P. 2d 278. As those cases show, every "demand," not only that of a creditor but even that of an heir at law contesting the will, must be exhibited in the probate court within the prescribed period, for allowance by that court. *A fortiori*, a claim for specific performance is within the Kansas statute. *Burns* v. *Drake*, 157 Kan. 367, 139 P. 2d 386.

Our statute does not have the scope of the Kansas statute nor does the probate court have the same breadth of jurisdiction, as appears clearly upon comparison of *In re Del Paronto's Estate,* 172 Kan. 7, 238 P. 2d 464, with *Emele* v. *Williams,* 10 Haw. 123. Under our statute, properly presented claims of creditors, approved by the personal representative, may be paid without any probate court action, and if rejected by the personal representative are not acted upon by the probate court but on the contrary must be brought to suit elsewhere. *Shaw* v. *Kahala,* 3 Haw. 367; *Estate of Hana,* 4 Haw. 499; *cf., Estate of Ahi,* 19 Haw. 232. In passing upon the scope of the nonclaim statute we must have in view what the statute contemplates, *i.e.,* the presentation of claims for *the executor's* action.

The executor, though entitled to possession and control of the real property under R.L.H. 1955, § 317-14, cannot convey title except as provided by statute or by the will of deceased. See *Looney* v. *Trent Trust Co.,* 23 Haw. 208 (1916); *Estate of Kaiena,* 24 Haw. 148 (1917); *Estate of Beckley,* 31 Haw. 163 (1929); *Estate of Kekuewa,* 37 Haw. 394 (1946); *Poka* v. *Holi,* 44 Haw. 464, 474, 357 P. 2d 100, 107 (1960). Statutory authority for the executor to convey real estate to carry out decedent's contract, either voluntarily (R.L.H. 1955, § 317-18) or pursuant to a decree (R.L.H. 1955, c. 321), has been conferred only when the decedent was "bound by a contract in writing."

The time allowed for bringing suit under the last cited statute is "one year after the grant of administration" (R.L.H. 1955, § 321-1). This in itself indicates that a demand for such a deed is not a creditor's claim to be presented under R.L.H. 1955, § 317-23, or sued upon under R.L.H. 1955, § 317-25. It is urged, however, that this one year provision merely takes a suit on "a contract

in writing" out of the nonclaim statute, which does apply
to specific performance suits under the general equity
jurisdiction. Upon analysis, this argument cannot be sus-
tained. It assumes that the nonclaim statute applies in
the very instances in which the executor—the contract
not being in writing—lacks authority to deed the property
in execution of his decedent's contract. The contract not
being in writing, the executor could not honor the demand
for a deed even if he deemed it valid. That the nonclaim
statute does not contemplate this type of claim is evident
when we consider further the provision for suit on a re-
jected claim, R.L.H. 1955, § 317-25. This section pro-
vides for suit against *the executor,* indicating that the
claim in view is of a type relief upon which can be obtained
against the executor alone.

That a claim for specific performance is outside the
scope of the nonclaim statute was held in *In re Bank's
Estate,* 80 Mont. 159, 260 Pac. 128; *Robinson* v. *McDonald,*
11 Tex. 385; *In re Bailey's Estate,* 42 Cal. App. 2d 509,
109 P. 2d 356. These cases apply under our statute. See
*Poka* v. *Holi, supra* at 480, distinguishing the situation
of an administrator who himself claims the property and
has a fiduciary's duty to give notice of his adverse claim.

Defendant urges that the land being registered under
the Torrens system pursuant to R.L.H. 1955, c. 342,
plaintiffs can have at most a contractual position, and
further urges that this makes a difference in the appli-
cation of the nonclaim statute, R.L.H. 1955, § 317-23.
However, this argument is of no significance unless it
eliminates the possibility of specific performance and re-
duces the case to a claim for damages. Clearly, a suit for
specific performance is not ruled out by the circumstance
that the land is registered under chapter 342. *Waterhouse*
v. *Capital Investment Co.,* 44 Haw. 235, 246-247, 353 P. 2d
1007, 1014-1015. Under R.L.H. 1955, § 342-41, "rights

or liabilities created by law and applicable to unregistered land" are not affected by the Land Court Registration Act, R.L.H. 1955, c. 342, "except as otherwise expressly provided" in chapter 342 itself. The nonclaim statute, which is inapplicable to claims for specific performance, is just as inapplicable in the present case though the land is registered. Defendant's argument really goes to the enforceability of the alleged gift, not the nonclaim statute. But as noted elsewhere, the enforceability of the alleged gift is not before us except with respect to two specific defenses, *i.e.,* the nonclaim statute and the Statute of Frauds.

There remains to be considered the contention that defendant is entitled to summary judgment under the Statute of Frauds (R.L.H. 1955, c. 190). The points involved require analysis.

The Statute of Frauds is an affirmative defense. H.R.C.P., Rule 8(c). It was pleaded by the third defense of the answer, which averred *inter alia* that "any claim of plaintiffs is barred under the provisions of chapter 190, Revised Laws of Hawaii 1955, in that there was no memorandum in writing signed by James W. Glover." No reply to the answer was ordered under H.R.C.P., Rule 7 (a). Under H.R.C.P., Rule 8(d), the averment must be taken as denied.

In the first deposition of plaintiff Sterling E. Mossman, in answer to a question whether he had any written instrument of any kind purporting to make him a gift of the property, plaintiff stated that he might have one, and that he was trying to look for it. In his second deposition he stated that after the death of Eve Glover, the wife of James W. Glover, Mr. Glover wrote to Mr. Mossman's wife, who had helped with the funeral arrangements, "and in that letter that definitely stated there once again about the house." Asked where the letter was

deponent stated: "I don't have it. We don't have it. I tried to find it."

The rule is that the defendant, as the party making the motion for summary judgment, has the burden of establishing the absence of a "genuine issue as to any material fact" even though, upon the trial, the burden of proving a memorandum in writing signed by decedent would rest upon plaintiffs. As stated in 6 Moore, *Federal Practice,* § 56.15(3), at 2128 (2d ed.):

> " * * * the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts."

Thus in *Plank* v. *Schifter,* 85 F. Supp. 397 (D.C. E.D. Pa.), defendant having urged parol rescission of a written contract as a defense to a specific performance suit the question was whether the rescission could be sustained by reason of the Statute of Frauds. Plaintiff moved for summary judgment and the court held against him, saying:

> "Upon the trial of this cause, the defendant, of course, will have the burden of establishing his defense of a parol rescission. But upon a motion for summary judgment, the plaintiff, as the moving party, has the burden of showing the absence of a genuine issue of material fact, and all doubts as to the existence of such an issue must be resolved against him." (p. 398)

Defendant did not take the deposition of Mrs. Mossman, the other plaintiff in this suit. No interrogatories under H.R.C.P., Rule 33, were addressed to her or to plaintiff Sterling E. Mossman. Defendant did not seek to determine whether plaintiffs were able to prove the

letter as a lost document, though as stated in 49 Am. Jur., *Statute of Frauds,* § 315, at 630:

" * * * The rule is that where the memorandum required by the statute was duly made and signed by the party to be charged, and is afterward lost or destroyed, its contents may be proved by oral testimony in an action against such party."

The same authority states that proof to establish a lost memorandum must be "clear and convincing," and had defendant pursued the matter it might have appeared that plaintiffs could not make the required proof at the trial, or perhaps it might have developed that the contents of the letter were not a sufficient memorandum in any event. A defendant is not without means of obtaining summary judgment merely because the question of "genuine issue" turns on what *plaintiffs* could prove at the trial. In *Dyer* v. *MacDougall,* 201 F. 2d 265 (2d Cir.) the court affirmed a summary judgment, granted defendant in a slander suit on the ground that the only competent testimony would deny the utterances, saying:

" * * * The defendants had the burden of proving that there was no such issue [as to the utterance of the slanders] ; on the other hand, at a trial the plaintiff would have the burden of proving the utterances; and therefore, if the defendants on the motion succeeded in proving that the plaintiff would not have enough evidence to go to the jury on the issue, the judgment was right."

The trial court's denial of the motion for summary judgment was on the ground that the record was not sufficient for the court to determine whether the improvements made by plaintiffs took the case out of the operation of the Statute of Frauds. It seems to have been assumed that the possibility of there having been a memorandum in writing was disposed of by the fact that it could not be

produced. In denying the motion for summary judgment the court stated that the depositions disclosed "that plaintiffs' claim to the property is based upon an oral gift by the decedent, with no writing in existence." Though the writing was not in existence, this did not foreclose the possibility that there was one, as to which a genuine issue of fact had been raised by the pleadings and not removed from the case. Hence, we have concluded that the denial of the allegation that no memorandum in writing was signed is more than a mere technical denial under the rules, and that defendant has not pursued this matter far enough to be entitled to summary judgment under the Statute of Frauds, in any event.

Defendant contends, however, that the possibility of a written memorandum was eliminated from the case by the trial court at the time of the hearing on the first motion for summary judgment. No formal order was entered after that hearing. The minute order was as follows:

"The Court stated it would allow plaintiff ten days to amend the complaint to bring the plaintiffs within the statute of frauds; ruling on the motion to be held in abeyance pending the filing of the amended complaint."

This was not an order dismissing the complaint if not amended. True, such an order is not out of the bounds of possibility in Statute of Frauds cases even though the Statute of Frauds is an affirmative defense (see 49 Am. Jur., *Statute of Frauds,* § 611; *cf. Koon* v. *Maui Dry Goods and Grocery Co.,* 29 Haw. 669, 683; *Waterhouse* v. *Capital Investment Co., supra* at 244); and the entry of such an order, even if erroneous in this case, would have put plaintiffs to their election whether to stand on their complaint. However, the case did not reach that stage.

Similarly an order under H.R.C.P., Rule 7(a), requiring that plaintiffs reply to the answer, would have put

them to their election whether to deny the allegation that "there was no memorandum in writing" but again that was not done and on the record we cannot take the allegation as admitted simply because plaintiff was given leave to amend the complaint to meet the Statute of Frauds. The trial court's intention seems to have been, rather, to provide for the setting up by plaintiffs of new matter, as in *Oldfield* v. *Nunn Brass Works,* 36 F. Supp. 639 (D.C. W.D. N.Y.). Whether this was proper procedure is not a matter before us.

Defendant argues that summary judgment should be likened to a directed verdict, and that, in effect, at the time of the hearing on the first motion there was a directed verdict against plaintiffs in the matter of the memorandum in writing. This argument is untenable. Not only was there lacking a formal or indeed any ruling on this first motion but also, even if there had been an order made, it would have been on an issue involving only a part of a single claim and hence interlocutory in nature. 6 Moore, *Federal Practice,* § 56.20(3), at 2309 (2d ed.) ; *Coffman* v. *Federal Laboratories, Inc.,* 171 F. 2d 94 (3d Cir.).

Though summary judgment could not be rendered for the defendant under the Statute of Frauds, was defendant nevertheless entitled to a favorable ruling on the issue as to the improvements, i.e., an order that the Statute of Frauds will be a good defense if the memorandum in writing can not be satisfactorily shown? As stated above, the trial court was of the view that the record was not sufficient for the court to determine whether the improvements took the case out of the Statute of Frauds.

On the one hand, it must be borne in mind that caution on the part of a trial court in the use of the summary judgment procedure is commendable (6 Moore, *supra,* § 56.15 (1)). On the other hand, a party has the right to invoke Rule 56, and Rule 56(d) puts a compulsory

duty on the trial court as distinguished from Rule 16 relating to pretrial orders. 6 Moore, *Federal Practice,* §§ 56.02(5), 56.20(3) part 3. Furthermore, even if a party is found not entitled to summary judgment, in a proper case an interlocutory order formulating the issues can be made under H.R.C.P., Rule 56 (d). As stated in 6 Moore, *Federal Practice,* § 56.20(3), at 2306 (2d ed.) :

" * * * the purpose of Rule 56 (d) is to salvage whatever constructive results have come from the judicial effort."

This brings us to the right of the executor to further pursue its rights under Rule 56, which in turn depends upon the status of the executor as a party defendant.

Nothing appears in the record as to the executor's duties or powers under the terms of the will or by reason of the condition of this particular estate. No counterclaim has been asserted. We must assume that the executor has no duty or power in relation to this real property other than the ordinary one of causing the heirs or devisees to be determined at the time of distribution of the estate under R.L.H. 1955, § 317-14. The statutory power to act as the sole representative of the legal title, in a suit involving the question whether the decedent was bound to convey real estate, is confined to the case in which the decedent was "bound by a contract in writing" R.L.H. 1955, §§ 321-1, 317-18; *Looney* v. *Trent Trust Co., supra, cf.,* 43 A.L.R. 2d 938, 941-943. See *Brooks* v. *Wheelock,* 11 Pick. (Mass.) 439 (1831) ; *Jacobs* v. *The Peterborough and Shirley R.R.,* 8 Cush. (Mass.) 223 (1851).

Even if the letter was a sufficient memorandum in writing to satisfy the Statute of Frauds, it would not itself be a "contract in writing" within the meaning of the cited statutes. The distinction between a contract in writing and a memorandum in writing is one called for by the Statute of Frauds, which is in *pari materia* with the cited statutes (R.L.H. 1955, § 321-1) and must be

construed with them. R.L.H. 1955, § 1-21. The distinction is between a writing which integrates the contract and thus constitutes the contract, on the one hand, and a written memorandum which merely evidences it, on the other. See 49 Am. Jur., *Statute of Frauds,* § 316 at 630, § 322 at 636-637 n. 21. As stated in *Fishel* v. *Turner,* 13 Haw. 392, 394, under the Statute of Frauds: "The contract itself need not be in writing. It is sufficient if there is some memorandum or note of it in writing." However, the same liberality has not been expressed by the legislature in respect of an executor's authority to execute the decedent's contract. R.L.H. 1955, §§ 321-1, 317-18, *supra.* Upon the record in this case, we must conclude that decedent's letter would be at most, a written memorandum but would not itself constitute a contract in writing.

The case, then, as it comes before us, is one in which there are lacking indispensable parties. So far as the record shows, the devisees are indispensable to carry the suit to a conclusion on the merits. The record must be perfected before further proceedings are taken.

Under our rules there is a difference between necessary parties and indispensable parties. The present case being one in which, by reason of absence of indispensable parties, plaintiffs could not have a decree for the specific performance they seek if they should prevail, therefore it equally is a case in which defendant cannot have judgment on the merits in case it prevails. *Kendig* v. *Dean,* 97 U.S. 423; *Mallow* v. *Hinde,* 25 U.S. (12 Wheat.) 193, 198; see also *Meyer* v. *Territory,* 36 Haw. 75, 77.

The matter of indispensable parties is "so vital that an appellate court, *sua sponte,* if necessary, may consider it although the point was not raised in the trial court." 3 Moore, *supra,* § 19.05(2), at 2147 (2d ed.) ; *Kendig* v. *Dean, supra* at 425; *Hoe* v. *Wilson,* 76 U.S. (9 Wall.) 501; *Flynn* v. *Brooks,* 105 F. 2d 766 (D.C. Cir.) ; see H.R.C.P.,

Rules 12(h) and 19(b), the latter indicating the distinction between necessary and indispensable parties, *i.e.,* the court cannot dispense with the indispensable; see also *Application of McCandless, Land Title "Kalena,"* 34 Haw. 93; *cf., Kellett* v. *Sumner,* 15 Haw. 76, 93. We accordingly raised the point and ordered further argument on it, noting in the order that we do not have in the record before us any proof as to the will of decedent or as to the powers conferred on the executor thereby. In view of the record, we have concluded that the case can be carried no further on this appeal. Though a court, even in the absence of indispensable parties, may determine that the complaint states no cause of action against anyone (*Bourdieu* v. *Pacific Oil Co.,* 299 U.S. 65, 71), we have gone as far in that direction as we can go.

If upon remand the record is not perfected the case should be dismissed without prejudice. *Kendig* v. *Dean, supra.* If the record is perfected, defendant or defendants may press further into the matter of the letter and are not foreclosed from a summary judgment merely because such motion once was denied, especially in view of our holding as to the grounds for affirmance of the order denying the motion. See 6 Moore, *Federal Practice,* § 56.14(2) (2d ed.).

We have not overlooked defendant's contention that the case is one of an oral promise to make a gift, still executory at the time of donor's death, and unenforceable for lack of consideration. As the point is stated in defendant's reply brief: "The case at bar lays no foundation for or claim of an enforceable contract." This contention is broader than the motion for summary judgment, which was grounded solely in the nonclaim statute and Statute of Frauds. Accordingly, only the latter have been considered.

We affirm the denial of the motion for summary judg-

ment though for reasons which, as to the Statute of Frauds, are different from those given by the trial court. See *Calaca v. Caldeira*, 13 Haw. 214; *Re Application Kaimuki Land Co.*, 35 Haw. 254; *Akai v. Lewis*, 37 Haw. 374, 379. The mandate will show that the case is remanded for perfecting of the record so as to show no absence of indispensable parties, otherwise the case shall be dismissed without prejudice. Upon perfecting of the record further proceedings may be had consistent with this opinion. The affirmance·is without prejudice to any contention of defendant with respect to the inadequacy of the improvements.

Judgment accordingly.

*C. A. Gregory, J. Russell Cades,* and *P. L. Rother* (*Smith, Wild, Beebe & Cades* on the briefs) for appellant.

*Patrick F. Tuohy* for appellees.