## In the Matter of LOUISIANA & NORTH WEST RAILROAD COMPANY, Debtor.

District Court, S. D. New York.

May 10, 1939.

John S. Sheppard, of New York City, for debtor.

Beekman, Bogue, Leake, Stephens & Black, of New York City (Eugene W. Leake, of New York City, of counsel), for Beatty Committee.

Hunt, Hill & Betts, of New York City (L. J. Hunt, of New York City, of counsel), for Middle States Petroleum Corporation.

Newman & Bisco, of New York City, (Hastings S. Morse, of New York City, of counsel), for Barnes Committee.

Jonah J. Goldstein and Eli Bennett Levy, both of New York City, for Independent Bondholders.

GODDARD, District Judge.

The amended plan certified by the Interstate Commerce Commission under date of October 27, 1938 is, with some minor changes which I believe are desirable, substantially like the plan suggested by the Court in its opinion of July 30, 1938. 36 F.Supp. 636. For the reasons outlined in that opinion, this amended plan is approved.

## OLDFIELD v. NUNN BRASS WORKS.

Civil Action No. 399.

District Court, W. D. New York.

Dec. 18, 1940.

Frank Keiper and Charles E. Callahan, both of Rochester, N. Y., for plaintiff.

Cumpston & Shepard, of Rochester, N. Y., for defendant.

BURKE, District Judge.

This is a suit for patent infringement. Issue has been joined herein by the service of an answer. The plaintiff now moves to file a reply in which he seeks to set up new matter for the purpose of establishing an estoppel against the defendant from asserting defenses to the cause of action alleged. Because of the confusion which would result from such a course, the court in the exercise of its discretion will permit the plaintiff to serve an amended complaint in which he may set up his cause of action together with any matter which is claimed by him to constitute an estoppel against the defendant from asserting particular defenses thereto. The defendant may then answer or move with respect to the amended complaint in any manner which it may be advised.